**SOUTHWEST INVESTMENTS DIVERSIFIED, INC.,**
Appellant

v.

**ESTATE OF Marilyn Gail MIESZKUC, Appellee.**

**Southwest Investments Diversified, Inc., Appellant**

v.

**Bernd J. Linden, Bobby R. Jackson, D.A. Culwell, David Wight, James C. Patterson, Jeanne E. Abernathy, L.S. Brown, Marjorie H. Patterson, Michael G. Abernathy, Peter R.L. Hall, Phillip M. Cox, Richard F. Gay, Robert J. Bacon, Jr., Shelly Lesikar, Warren H. Badger, Jr., William L. Schaumberg, William V. Condrey, Woody Lesikar, Airdrome Holdings, Inc., Brown, Gay & Associates, Inc., n/k/a Brown & Gay Engineers, Inc., Circle J. Aero, Inc., Culwell–Moore, Inc., David Wight Construction Co., Ltd., Eleven Delta Corp., Flight Enterprises, Inc., Perry Financial Corp.,**

---

Warehouse Associates of Houston, Inc., Terra Holdings, Ltd., James L. Dunn & Associates, Inc., Gary Beck, Commemorative Air Force, Don McGill Toyota, Inc., Cs & P Cryogenics, Inc., Tribble & Stephens Co., Izen & Associates, P.C., Robert C. Gramling, Enex International, Inc., Wade Weiner, Glynn Buie, Ronald G. Cook, Arnold Miller, Crawford & Beadle, Joe Lynch, Elsa Daniels, James L. Dunn, Sr., Joseph A. Mattingly Trust, Woodrow V. Lesikar Family Trust, Carolyn Ann Lesikar Moon and West Houston Airport Subdivision Owners Association, Appellees.

Nos. 14–03–00261–CV, 14–03–00728–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 2005.

C. Henry Kollenberg, Carolyn Ann Russell, Houston, TX, for appellant.

Amy Catherine Dinn, Donald M. Hudgins, Gary Beck, George Andrew Coats, Henry James Fastoff, James Lampin Dunn Jr., Joe Alfred Izen, Jr., John B. Wallace, John M. Zukowski, Joseph O. Slovacek, Kimberly R. Phillips, Paul R. Elliott, Raymond Matthews, Roy D. Hailey, William Pannill, William T. Miller, Gregg S. Weinberg, and Cliff Davis, Houston, TX, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In these two consolidated appeals, we are asked to review the propriety of amendments made to restrictive covenants on land used as a private airport facility. We first address appellant Southwest Investments Diversified, Inc.'s ("SIDI") challenge to the trial court's order declaring the amended covenants valid. SIDI contends the covenants were improperly amended, are illegal, and against public policy. SIDI also challenges the trial court's ruling sustaining appellees' objections to SIDI's summary judgment evidence. In both appeals, SIDI contends the trial court erred in granting summary judgment on its damage claims. Numer-

ous appellees filed cross-appeals ("cross-appellants"),[1] claiming the trial court erred in finding one provision in the amended covenants invalid. Having concluded the orders appealed from in Appellate Cause No. 14–03–00728–CV are interlocutory, we dismiss that appeal for lack of jurisdiction. In Appellate Cause No. 14–03–00261–CV, however, we conclude SIDI waived its appellate argument and nonetheless, failed to plead an actionable claim against the Estate of Marilyn Mieszkuc; therefore, we affirm the trial court's judgment in that cause.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts

In 1981, SIDI purchased a tract of land subject to restrictive covenants ("1980 CCRs") located in one of three airport subdivisions owned by Woody Lesikar Aircraft Sales and Service, now known as the West Houston Airport Corporation ("Airport"). In 1999, the restrictive covenants for all three subdivisions were amended ("1999 CCRs"). In effect, the amended covenants (1) combined the three subdivisions into one subdivision, designated as the "West Houston Airport Subdivision" ("New Subdivision"); (2) created the West Houston Airport Subdivision Owners Association ("Association"); and (3) granted the Airport a right of first refusal on the sale of any tract within the New Subdivision. SIDI did not sign the amendments.

Shortly thereafter, SIDI filed suit against the Airport, the Association, the Estate of Marilyn Mieszkuc ("Estate"),[2] and various property owners, claiming the 1980 CCRs[3] had not been properly amended, did not authorize the creation of an owner's association, and pursuant to the Texas Property Code, there was insufficient notice of the 1999 CCRs to the property owners.

### B. The Parties and Their Claims

SIDI sought a declaratory judgment invalidating the 1999 CCRs and asserted civil conspiracy and cloud of title causes of action against the Association, the Airport, and the Estate, as well as those property owners who had signed the 1999 CCRs.[4] The trial court subsequently ordered SIDI to include additional property owners, and SIDI filed its second amended original petition, its live pleading in the case, adding

---

1. Those appellees are: West Houston Airport Subdivision Owners Association, Bobby Jackson, D.A. Culwell, Jr., D.A. Culwell, Sr., James Patterson, Jeanne Abernathy, Shelly Lesikar, Woody Lesikar, Flight Enterprises, Inc., Airdrome Holdings, Inc., Eleven Delta Corp., and the Woodrow V. Lesikar Family Trust.

2. Attorney Marilyn Gale Mieszkuc represented the Airport at the time the covenants were amended and prepared the 1999 CCRs.

3. SIDI also alleged the covenants for another of the subdivisions had not been properly amended. The record, however, reflects that SIDI does not own any property in the other subdivisions and the dispute between the parties as presented centers on whether the 1980 CCRs were properly amended.

4. SIDI initially filed suit against the following property owners: Bernd J. Linden, Bobby R. Jackson, D.A. Culwell, David Wight, James C. Patterson, Jeanne E. Abernathy, L.S. Brown, Marjorie H. Patterson, Michael G. Abernathy, Peter R.L. Hall, Phillip M. Cox, Richard F. Gay, Robert J. Bacon, Jr., Shelly Lesikar, Warren H. Badger, Jr., William L. Schaumberg, William V. Condrey, Woody Lesikar, Airdrome Holdings, Inc., Brown, Gay & Associates, Inc., Circle J. Aero, Inc., Culwell-Moore, Inc., David Wight Construction Co., Inc., n/k/a David Wight Construction Co., Ltd., Eleven Delta Corp., Flight Enterprises, Inc., Perry Financial Corp., and Warehouse Associates of Houston, Inc.

additional property owners.[5]

Several of the defendants filed counter-claims. The Association filed a counter-claim against SIDI for unpaid maintenance assessments for the years 2000, 2001, 2002, and 2003. The Airport asserted counter-claims against SIDI for breach of an ease-ment agreement and breach of a license agreement.[6] In addition, one property owner, Don McGill Toyota, asserted a counterclaim against SIDI for attorney's fees,[7] and in their answers, James L. Dunn & Associates, Inc., James L. Dunn, Sr., and Wade Weiner alternatively joined the suit as intervenors in SIDI's claims against the Airport and the Association.

## C. The Parties' Motions and Their Dispositions

SIDI moved for summary judgment on its declaratory judgment action, including its cloud on title claim, arguing that the 1999 CCRs were invalid because (1) fifty-one percent of the "Owners"—as that term is defined in the 1980 CCRs—had not signed them, and (2) the right of first refusal created by the 1999 CCRs consti-tuted an illegal conveyance of SIDI's inter-est in real property, thus creating a cloud on its title to the property.

Subsequent to SIDI's motion, twenty-eight defendants [8] jointly moved for sum-mary judgment asserting that (1) the 1999 CCRs were valid and properly en-acted, (2) SIDI's civil conspiracy and cloud of title claims failed as a matter of law, and (3) SIDI had no evidence that the twenty-eight defendants had specific intent to injure SIDI and no evidence that SIDI suffered any damages from the alleged conspiracy. These same defen-dants filed objections to and a motion to strike SIDI's summary judgment evi-dence.

The Estate also filed a motion for sum-mary judgment arguing that SIDI had no actionable claim because Mieszkuc had merely acted as the opposing parties' at-torney. The Estate asserted that (1) Mi-eszkuc owed no duty to SIDI; (2) SIDI

---

**5.** The following defendants were added to the suit through SIDI's amended petition: Terra Holdings, Ltd., James L. Dunn & Asso-ciates, Inc., Gary Beck, Commemorative Air Force, Don McGill Toyota, Inc., CS & P Cryogenics, Inc., Tribble & Stephens Co., Izen & Associates, P.C., Robert Gramling, Enex International, Inc., Wade Weiner, Glynn Buie, Ronald G. Cook, Arnold Miller, Crawford & Beadle, Joe Lynch, Elsa Daniels, James L. Dunn, Sr., Joseph A. Mattingly Trust, Woodrow V. Lesikar Family Trust, and Carolyn Ann Lesikar Moon.

**6.** Following the trial court's orders in this case, the Airport's counterclaims against SIDI were severed from the original cause of action and are not before us in this appeal.

**7.** Another defendant, Glynn Buie, also sought attorney's fees pursuant to the Declaratory Judgment Act. Don McGill Toyota filed a sum-mary judgment regarding its claim for attor-ney's fees, but Buie did not. In its order denying the twenty-eight defendants' request

for attorney's fees, the trial court ordered that all attorney's fees incurred in the suit were to be taxed against the party incurring those fees.

**8.** Those twenty-eight defendants are: (1) Bob-by R. Jackson, (2) D.A. Culwell, (3) David Wight, (4) James C. Patterson, (5) Jeanne E. Abernathy, (6) L.S. Brown, (7) Marjorie H. Patterson, (8) Michael G. Abernathy, (9) Rich-ard F. Gay, (10) Robert J. Bacon, Jr., (11) Shelly Lesikar, (12) Warren H. Badger, Jr., (13) William L. Schaumberg, (14) Rhonda Ingham, (15) William V. Condrey, (16) Woody Lesikar, (17) Airdrome Holdings, Inc., (18) Brown, Gay & Associates, Inc., (19) Circle J. Aero, Inc., (20) Culwell–Moore, Inc., (21) David Wight Construction Co., Inc., n/k/a David Wight Construction Co., Ltd., (22) Elev-en Delta Corp., (23) Flight Enterprises, Inc., (24) Enex International, Inc., (25) Tribble & Stephens Co., (26) Woodrow V. Lesikar Fami-ly Trust, (27) the Airport, and (28) the Associ-ation (collectively, "twenty-eight defen-dants").

failed to state an actionable underlying tort; (3) Mieszkuc could not conspire with her clients; and (4) Mieszkuc had not signed, adopted, nor voted for the amendments. The Estate also moved for summary judgment based on the validity of the amendments. The trial court granted the Estate's summary judgment motion in part and, shortly thereafter, severed SIDI's claim against the Estate from its claims against the remaining defendants.

The trial court also entered several orders disposing of the remaining motions. The court granted SIDI's summary judgment motion to the extent the 1999 CCRs created a right of first refusal in the Airport, declaring the provision invalid, but otherwise denied SIDI's motion. The court also granted the twenty-eight defendants' summary judgment motion, except as it pertained to the right of first refusal, and ordered a take-nothing judgment against SIDI in favor of those defendants. The trial court also sustained the twenty-eight defendants' objections to SIDI's summary judgment evidence, granting their motion to strike the evidence.

In addition, the trial court granted the twenty-eight defendants' jointly filed motion requesting the trial court take judicial notice of the following: (1) all property owners in the New Subdivision are subject to the 1999 CCRs as modified by the trial court's previous order, and (2) the interests of all property owners in the validity of the 1999 CCRs had been adjudicated by the court's order granting the defendants' summary judgment motion. The court also entered several other orders: (1) granting summary judgment on the Association's counterclaim, (2) granting Don McGill Toyota's summary judgment mo-

tion to the extent it requested a take nothing judgment against SIDI,[9] and (3) denying the twenty-eight defendants' motion for attorney's fees, taxing fees against the party incurring those fees. The court also awarded costs against SIDI. The trial court then entered an order severing the Airport's counterclaims against SIDI from the remaining claims. SIDI appeals these latter orders in our Appellate Cause No. 14–03–00728–CV ("Cause No. 0728"), and appeals the order granting summary judgment to the Estate in Appellate Cause No. 14–03–00261–CV ("Cause No. 0261").

## II. ISSUES

On appeal, SIDI contends that (1) the 1980 CCRs were not properly amended because the required percentage of "Owners" in the subdivision did not approve them; (2) the broad changes made in the 1999 CCRs exceed the amendment powers in the 1980 CCRs and violate public policy; and (3) the trial court improperly struck its summary judgment evidence. Regarding its conspiracy claims,[10] SIDI also argues that the trial court erred in granting summary judgment because (a) the summary judgment motions were solely based on SIDI's pleadings, and (b) Mieszkuc had knowingly committed or conspired to commit fraudulent or illegal activities and, therefore, even as a non-client, SIDI has standing to sue her Estate.

Cross-appellants argue the trial court erred in refusing to recognize the validity of the right of first refusal provision contained in the 1999 CCRs because SIDI purchased the property subject to a right of first refusal.

---

**9.** Although the trial court denied Don McGill Toyota's request for attorney's fees, the court granted its request for costs of court.

**10.** Although SIDI states generally that summary judgment on its "damage claims" was in error, in its brief SIDI's argument refers only to its conspiracy claims.

## A. Jurisdiction in Appellate Cause No. 0728

The parties indicate in their briefs that the summary judgments in this case were made final by the trial court's order severing the Airport's claims. An examination of the record, however, reflects that SIDI's conspiracy claims against a number of defendants were not disposed of in the trial court's orders [11] and consequently, the summary judgments appealed from in Cause No. 0728 are interlocutory.[12] *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001).

■ Even when not raised by the parties, we must inquire into our jurisdiction to consider an appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Absent a statutory or constitutional source of authority for review of an interlocutory order, our appellate jurisdiction is limited to final judgments. *Lehmann*, 39 S.W.3d at 195. A judgment is final for purposes of appeal if it disposes of all parties and claims pending on the record in the case, or if it states with "unmistakable clarity" that it is a final judgment as to all claims and parties. *Id.* at 192–93; *see also Rape*, 139 S.W.3d at 673–75. To determine whether an order actually disposes of all pending claims and parties, we may look to the record in the case. *Lehmann*, 39 S.W.3d at 205–06; *see also Rape*, 139 S.W.3d at 674 (concluding that an examination of the record revealed a judgment was final). If the record does not affirmatively demonstrate our jurisdiction, the appeal must be dismissed. *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 784 (Tex.App.-Corpus Christi 2003, no pet.). Further, there is no presumption that a motion for summary judgment addresses all of the movant's claims, nor is a claim waived merely because it is not expressly addressed in a movant's motion. *Parks v. DeWitt County Elec. Co-op., Inc.*, 112 S.W.3d 157, 161 (Tex.App.-Corpus Christi 2003, no pet.) (citing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex.2001)).

■ In its amended petition, in addition to seeking a declaratory judgment concerning the invalidity of the 1999 CCRs, SIDI also alleged in part that the defendants "conspired and aided and abetted the efforts of one another in order to misuse and abuse their authority and/or influence by drafting and adopting/attempting to adopt and enforce unlawful, unfair and oppressive restrictions as they pertain to the Property." There is nothing in the record to indicate, however, the disposition of SIDI's conspiracy claims against the defendants not joined in the twenty-eight defendants' summary judgment motion, nor any language in the trial court's orders indicating a final judgment was rendered in the case.

In their motion, the twenty-eight defendants argued that SIDI's conspiracy claims failed as a matter of law because they had not engaged in an underlying tort nor an unlawful act, and had not acted with any specific intent to injure SIDI. The twenty-eight defendants also argued

**11.** Those owners are as follows: Bernd J. Linden, Phillip M. Cox, Perry Financial Corp., Warehouse Associates of Houston, Inc., Terra Holdings, Ltd., James L. Dunn & Associates, Inc., James L. Dunn, Sr., Gary Beck, Commemorative Air Force, Izen & Associates, P.C., Glynn Buie, Elsa Daniels, Joseph A. Mattingly Trust, and Carolyn Ann Lesikar.

**12.** There is no finality issue concerning the trial court's judgment against SIDI in Cause No. 0261. In that case, the trial court's orders disposed of the matter before it as reflected in the record, and SIDI does not argue that any claims against the Estate, other than conspiracy, survived summary judgment.

that SIDI had no evidence it had suffered damages due to the alleged conspiracy. In its order granting the motion, the trial court rendered judgment in favor of those twenty-eight defendants, released and acquitted them of all claims asserted by SIDI, and also awarded costs.[13]

Likewise, the court's order granting the motion to take judicial notice addressed all the property owners' interests in the validity of the 1999 CCRs, stating the following:

Twenty–Eight Defendants' Motion to Take Judicial Notice is in all things granted, that this Court does hereby take judicial notice that the [1999 CCRs] . . . are valid except for the right of first refusal is void. The [1999 CCRs] apply to all property owners in the [New Subdivision]. . . . All property owners in the Subdivision and their successors in interest are subject to the [1999 CCRs] as modified by this Court's March 28, 2003 Order.

It is further ORDERED that the interests of all Subdivision property owners *in the validity of the [1999 CCRs]* were adjudicated by the Court's March 28, 2003 Order.

(emphasis added).[14] Although the court's order addresses the property owners' interests in the validity of the 1999 CCRs, it does not dispose of SIDI's conspiracy claims against the remaining defendants.[15] Consequently, these orders do not dispose of all SIDI's conspiracy claims.

The court also (1) granted summary judgment to the Association on its counterclaim and ordered SIDI to pay attorney's fees, pre-judgment and post-judgment interest to the Association; (2) granted Don McGill Toyota's summary judgment motion, ordering SIDI take nothing against Don McGill and awarding Don McGill court costs; (3) denied the twenty-eight defendants' request for attorney's fees, but awarded the defendants costs of court; and (4) severed the Airport's claims against SIDI. But, again, none of these orders contain any language indicating the finality of the court's judgment in the case. SIDI filed its notice of appeal following these orders.

Although the trial court's orders disposed of SIDI's claims against the twenty-eight defendants, addressed the interests of all the defendants properly joined in the suit in the 1999 CCRs, and addressed additional claims and requests for attorney's fees in the case, the record fails to reflect the disposition of SIDI's conspiracy claims against the other defendants filing answers in the case. Nor is there anything in the record to evidence that the declaratory judgment action was severed from SIDI's conspiracy claims.

---

**13.** The trial court's order referred to the twenty-eight defendants joining in the motion generally, but specifically named only twenty-five of those defendants.

**14.** The record indicates that Peter R.L. Hall, CS & P Cryogenics, Inc., Robert C. Gramling, Ronald G. Cook, Arnold Miller, Crawford & Beadle, and Joe Lynch did not file an answer in the suit. There is nothing in the record indicating these owners were properly served, nor any indication of SIDI's intent to serve these parties. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674–75 (Tex.2004) (affirming holding in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962), that if

record reflects no intent to serve non-answering party, the judgment may be construed as final for purposes of appeal). Regardless of these owners however, SIDI's conspiracy claims against other defendants filing an answer in the suit were not disposed of in the trial court's orders.

**15.** Moreover, a trial court cannot grant summary judgment in favor of parties who have not moved for summary judgment. TEX.R. CIV. P. 166a; *LaGoye v. Victoria Wood Condo. Ass'n,* 112 S.W.3d 777, 784 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (citing *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984)).

We acknowledge that an appellate court must not dismiss an appeal for formal defects or procedural irregularities without allowing a reasonable time to correct those matters, nor dismiss an appeal if a trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected;[16] in this case, however, the record does not affirmatively reflect that a final judgment was rendered in the case disposing of all claims and parties. Further, this is not a case in which SIDI's conspiracy claims were not properly before the court when summary judgment was rendered, and the record affirmatively reflects that some of the defendants not joining in the twenty-eight defendants' motion had filed an answer in the suit. Unaddressed claims and parties properly before the court are not matters we can construe as merely perfunctory or ministerial. In *Lehmann*, the supreme court stated that an appellate court could abate an appeal if there was uncertainty about the intended finality of the trial court's orders. *Lehmann*, 39 S.W.3d at 206; *see also* Tex. R. App. P. 27.2. Here, however, the record reflects that claims remain in the suit and,

while the trial court and the parties may have presumed all claims and parties were disposed of,[17] we cannot speculate as to the intended disposition of the remaining claims based on an absence of their mention in the record.

Because the record indicates that SIDI's conspiracy claims against several owners were not disposed of and there is no finality language in any of the court's orders, SIDI cannot maintain its appeal of interlocutory orders. Accordingly, we order the appeal in Cause. No. 0728 dismissed for lack of jurisdiction.

We now address SIDI's appeal of the summary judgment in favor of the Estate in Cause No. 0261.

### B. SIDI's Claim Against the Estate

In its summary judgment motion, the Estate argued that SIDI had no actionable conspiracy claim against it because Mieszkuc had merely acted as the opposing parties' attorney. The trial court granted the Estate's motion "as to conspiracy claims" and ordered a take-nothing judgment in its favor on "all claims" asserted by SIDI.[18]

---

**16.** *See* Tex. R. App. P. 44.3, 44.4.

**17.** During a hearing on one of the summary judgment motions, a discussion concerning the motion to take judicial notice occurred and SIDI's counsel noted that some of the property owners had not filed answers in the suit. In response, the court stated "I went ahead with the summary judgments with people who didn't answer ... I am going to go ahead and make this final." Even assuming without deciding that we would consider the court's statement in discerning its intent regarding finality, the statement pertains only to the validity of the 1999 CCRS and non-answering defendants. *Cf. Aguilar v. LVDVD, L.C.,* 70 S.W.3d 915, 917 (Tex.App.-El Paso 2002, no pet.) (reasoning that an appellate court may be able to look to a transcription of the summary judgment hearing to ascertain whether an issue was actually presented to and considered by the trial court, citing *City of Houston v. Clear Creek Basin Auth.,* 589

S.W.2d 671, 677 (Tex.1979)). The court's statement does not reflect an intention to dispose of SIDI's conspiracy claims nor the remaining answering defendants.

**18.** The Estate also moved for summary judgment on the basis the 1999 CCRs were valid and legally adopted. In its order the trial court granted summary judgment only as to SIDI's conspiracy claims, specifically striking through the language in the proposed order regarding the validity of the 1999 CCRs. In its brief, the Estate asserts that by striking through the language, the court did not directly rule on the issue and suggests we affirm summary judgment on that ground, in the interest of judicial economy. But, even were we to assume the trial court did not rule on that ground, the Estate merely adopts the briefs of the appellees' in Cause No. 0728 as its appellate argument. In light of our disposition of Cause No. 0728, we cannot conclude

On appeal, SIDI asserts that summary judgment in favor of the Estate was in error because (1) the summary judgment motion was solely based on SIDI's pleadings, and (2) Mieszkuc knowingly committed or conspired to commit fraudulent or illegal activities and, therefore, even as a non-client, SIDI has cause to sue her Estate.[19]

We apply the well established summary judgment standard of review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex.2003) (reviewing summary judgment under a de novo standard, viewing all evidence in light favorable to non-movant and indulging every reasonable inference in his favor).

### 1. Discussion

◼ SIDI's chief contention on appeal regarding the Estate's summary judgment is that the Estate failed to provide evidence establishing there was no conspiracy. SIDI argues that, because the summary judgment was based solely on its pleadings, which it asserts is improper, the trial court erred in granting the summary judgment. SIDI, however, has waived this issue for our review by failing to raise any objection to the use of the summary judgment procedure in the trial court. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex.1990) (noting objec-

tion to summary judgment motion based on pleadings must be preserved); *Ball v. Smith*, 150 S.W.3d 889, 893 (Tex.App.-Dallas 2004, no pet.); *Higbie Roth Const. Co. v. Houston Shell & Concrete*, 1 S.W.3d 808, 811 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Moreover, even assuming SIDI had preserved the issue, its argument is without merit.

◼ Questions of law are appropriate matters for summary judgment. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999). A movant may file a summary judgment motion that, instead of proving or disproving facts, shows the non-movant has no viable cause of action. *See Higbie*, 1 S.W.3d at 811. In that instance, we review the propriety of summary judgment based on the non-movant's pleadings. *Id.* To determine whether a cause of action exists under the circumstances pleaded, the court must assume that all of the facts alleged by the non-movant are true and indulge all reasonable inferences in the light most favorable to the non-movant. *Id.* at 811–12; *see Carreiro v. Wiley*, 976 S.W.2d 829, 831 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994)). Neither this court nor the trial court, however, must assume that any le-

that judicial economy is served by reviewing the issue in Cause No. 0261. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996) (stating that if the trial court expressly states the ground on which it granted the motion, we must consider that ground and *may* consider other grounds the trial court did not rule on in the interest of judicial economy); *see also Cox v. Upjohn Co.*, 913 S.W.2d 225, 228 (Tex.App.-Dallas 1995, no writ) (concluding that striking through language in final judgment indicated the trial court specifically limited its ruling to the other ground asserted).

**19.** The Estate argued in its summary judgment motion that SIDI's only claim against it

was for conspiracy and the trial court granted summary judgment on the conspiracy claim. The remaining language of the court's order granted the Estate a take-nothing judgment on "all claims" asserted against it by SIDI. In its brief, SIDI does not argue that any other claims it may have asserted against the Estate survived summary judgment; therefore, on appeal we address only SIDI's conspiracy claim. *See* Tex.R.App. P. 38.1(h); *Fields v. City of Tex. City*, 864 S.W.2d 66, 68 n. 1 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (noting that arguments may be abandoned on appeal if not addressed in appellate brief).

gal conclusions stated in the pleadings are true. *Higbie*, 1 S.W.3d at 812.

█ In its motion, the Estate argued that SIDI could not establish its conspiracy claim as a matter of law because SIDI had alleged only that Mieszkuc conspired to draft and adopt the 1999 CCRs; thus, there was no underlying tort involved, and because Mieszkuc acted only as an agent for her client, she could not legally be considered an independent party capable of engaging in a conspiracy. The Estate argued further that (1) there was no attorney-client relationship between Mieszkuc and SIDI; (2) because Mieszkuc did not sign or adopt the 1999 CCRs, she could not be liable for an alleged cloud on SIDI's title; and (3) Mieszkuc owed no duties to SIDI in contract or by law.[20]

Essentially, the Estate argued in its motion that it was entitled to judgment because SIDI's claims, as alleged in its petition, were not cognizable under Texas law. Consequently, presenting summary judgment evidence was not necessary because the arguments merely required an analysis of applicable law. *See, e.g., Higbie*, 1 S.W.3d at 811.

Although SIDI alleged generally in its pleadings that Mieszkuc conspired with Lesikar in preparing the amended covenants, SIDI's allegations against Mieszkuc were based on her drafting of the 1999 CCRs. SIDI did not allege that Mieszkuc acted as its attorney, nor did it assert any allegations of fraud against Mieszkuc. Even construing these pleadings as true, SIDI failed to allege an actionable claim against the Estate and summary judgment in its favor was not error. *See, e.g., Chapman Children's Trust v. Porter & Hedges*, 32 S.W.3d 429, 441–42 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (concluding that summary judgment in favor of law firm was proper because allegations of conspiracy and fraud involved only acts undertaken as part of the firm's duties as counsel to an opposing party).[21] Accordingly, we affirm the trial court's judgment in the case.

### III. CONCLUSION

In conclusion, in appellate Cause No. 14–03–00728–CV, because the record discloses that the trial court's orders appeal-

20. The Estate attached to its motion a copy of the 1980 CCRs, excerpts from the deposition of SIDI's corporate representative, Peyton Waters, and a copy of the 1999 CCRs.

21. Further, we also note that in its response to the Estate's motion, in addition to requesting a continuance to conduct further discovery in connection with the conspiracy claim, SIDI asserted that the deposition testimony of James Patterson, a property owner, supported its claim. Patterson's testimony evidenced that he had been asked to sign the 1999 CCRs prior to reading them, in order to make the filing deadline. After reading the 1999 CCRs, Patterson wrote a letter to Lesikar in which he stated he had concerns about the 1999 CCRs and that he had signed them under "duress." Patterson also testified however that (1) he did not mean "duress" in a legal sense, but only that Lesikar needed him to sign the 1999 CCRs hurriedly because of the filing deadline; (2) Lesikar met with him following his letter and allayed his concerns about the 1999 CCRs; (3) Lesikar offered him the option of rescinding his agreements with the Airport, including the 1999 CCRs; (4) he concluded the new restrictions were in his best interests as a property owner; and (5) if he were currently asked to sign the CCRs, he would sign them without any reservations. Patterson also stated he wrote a subsequent letter in an attempt to "negate" his first letter. Finally, Patterson testified that he never had any communications with Miezskuc or any other defendant concerning drafting, adopting or enforcing the 1999 CCRs. Patterson's testimony fails to raise a fact issue sufficient to defeat the Estate's summary judgment motion in this case. *See, e.g., Chapman Children's Trust v. Porter & Hedges*, 32 S.W.3d 429, 441–42 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

ed from by SIDI do not dispose of all parties and claims, we lack jurisdiction to review that appeal. *See Lehmann,* 39 S.W.3d at 192–93. Accordingly, we dismiss the appeal in cause No. 14–03–00728–CV. Because SIDI failed to preserve its appellate argument concerning its conspiracy claim against the Estate and moreover, cannot sustain its cause of action as pleaded, we affirm the trial court's grant of summary judgment in Cause No. 14–03–00261–CV.