NUMBER
13-05-514-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

_______________________________________________________

 

MICHAEL
J. ALLEIN, ET AL.,                                    Appellants,

 

                                           v.

 

ROBERT SANDERS, ET AL.,                                       Appellees.

________________________________________________________

 

                  On appeal from the
105th District Court

                           of Nueces
County, Texas.

_______________________________________________________

 

                     MEMORANDUM OPINION

 

      Before Chief Justice Valdez and
Justices Yañez and Garza

                       Memorandum Opinion Per
Curiam

 








Michael J. Allein,
Dawn M. Allein, and minors, Kyle Allein and Misao Wise (the AAllein family@), brought suit
against Robert Sanders, Jim Trusty, RE/MAX Metro Properties, Inc., and Matthew
Dylan Yoakum for deceptive trade practices, breach of contract, fraud,
negligence, and breach of warranties in association with the Allein family=s purchase of a
home.  The trial court granted two
summary judgments in favor of Robert Sanders on June 8, 2005.  By one order, the trial court granted summary
judgment against the Allein family on all of their claims against Sanders.  By a separate order, the trial court granted
summary judgment in favor of Sanders on his counterclaims against Michael J.
Allein and Dawn M. Allein.  On July 8,
2005, Michael J. Allein and Dawn Allein filed a notice of appeal attacking these
two orders. We dismiss the appeal for lack of jurisdiction.

An appellate court
reviews whether it has jurisdiction over an appeal de novo because jurisdiction
is a legal question.  See Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Parks v. DeWitt
County Elec. Coop., Inc., 112 S.W.3d 157, 160 (Tex. App.BCorpus Christi 2003,
no pet.)  If the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed. See Parks, 112 S.W.3d at 160.








Absent a statutory or
constitutional source of authority for review of an interlocutory order, our
appellate jurisdiction is limited to final judgments.   Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Southwest Invs. Diversified, Inc. v. Estate of
Mieszkuc, 171 S.W.3d 461, 467 (Tex. App.BHouston [14th Dist.] 2005, no pet.); Garcia v.
Comm'rs Court, 101 S.W.3d 778, 779 (Tex. App.BCorpus Christi 2003, no pet.).  A judgment is final for purposes of appeal if
it disposes of all parties and claims pending on the record in the case, or if
it states with "unmistakable clarity" that it is a final judgment as
to all claims and parties.  Lehmann,
39 S.W.3d at 192‑93; Southwest Invs. Diversified, Inc., 171 S.W.3d
at 467.  To determine whether an order
actually disposes of all pending claims and parties, we may look to the record
in the case.  Lehmann, 39 S.W.3d
at 205‑06; Garcia, 101 S.W.3d at 784.  If the record does not affirmatively
demonstrate our jurisdiction, the appeal must be dismissed.  Southwest Invs. Diversified, Inc., 171
S.W.3d at 467; Garcia, 101 S.W.3d at 784.  Further, there is no presumption that a
motion for summary judgment addresses all of the movant's claims, and a claim
is not waived merely because a movant=s motion fails to
expressly address it.  McNally v.
Guevara, 52 S.W.3d 195, 196 (Tex. 2001); Parks, 112 S.W.3d at 161.

Although the trial
court=s orders addressed all
issues pending between Michael J. Allein, Dawn M. Allein, and Robert Sanders,
the orders do not encompass all of the Allein family=s claims against the
remaining defendants in the case, that is, Jim Trusty, RE/MAX Metro Properties,
Inc., and Matthew Dylan Yoakum. 
Moreover, a trial court cannot grant summary judgment in favor of
parties who have not moved for summary judgment.  See Tex.
R. Civ. P. 166a; Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex.
1984); Southwest Invs. Diversified, Inc., 171 S.W.3d at 468.  According to the record before the court,
these remaining defendants have not moved for summary judgment.

An appellate court may
not dismiss an appeal for formal defects or procedural irregularities without
allowing a reasonable time to correct or amend those matters.  See Tex.
R. App. P. 44.3.  Further, an
appellate court may not dismiss an appeal if a trial court's erroneous action
or inaction prevents the proper presentation of an appeal and can be
corrected.  See Tex. R. App. P. 44.4.  Moreover, an appellate court may allow an
appealed order that is not final to be modified so as to be made final.  See Tex.
R. App. P. 27.2.








In this case, however,
the record does not affirmatively reflect that a final judgment was rendered in
the case disposing of all claims and parties. 
Lehmann, 39 S.W.3d at 205 (judgment is not final for purposes of
appeal unless it actually disposes of every pending claim and party or unless
it clearly and unequivocally states that it finally disposes of all claims and
all parties).  Unaddressed claims and
parties properly before the court are not matters we can construe as merely
perfunctory or ministerial.  Southwest
Invs. Diversified, Inc., 171 S.W.3d at 468. 
Rather, these matters require substantive determination by the trial
court.  Therefore, we lack authority to
abate the appeal.  Parks, 112
S.W.3d at 136-64.  In conclusion, we hold that there is no final,
appealable judgment before the Court.  See
Lehmann, 39 S.W.3d at 205. Accordingly, the appeal is dismissed for want of
jurisdiction.

PER CURIAM

Memorandum Opinion delivered and 

filed this the 26th day of January,
2006.