Dismissed and Memorandum Opinion filed September 28, 2006








Dismissed and Memorandum Opinion filed September 28, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00834-CV

____________

 

RONALD J. MERRIWEATHER, as Trustee
for the Estate of CLAUDE JOHNSON, Appellant

 

V.

 

LILLIE KING, Individually and as
Executrix of THE ESTATE OF VELMA STEWART, Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 2004-25897

 



 

M E M O R A N D U M   O P I N I O N

Ronald J. Merriweather appeals the trial court=s grant of summary
judgment in favor of Lillie King in her capacity as executor of Velma Stewart=s estate.  In two
issues, he argues the trial court erred by granting summary judgment and by
denying his motion for new trial.  We dismiss.








Merriweather was Beatrice Turner= s landlord. 
Turner was judicially evicted, and Merriweather sued Turner for unpaid rent.[1] 
Merriweather included Turner=s sister, Lillie King in her capacity as
executor of Velma Stewart=s estate,[2]
in this lawsuit.  Merriweather did not explain in his original petition why he
named King in her capacity as executor as a defendant.  His only reference to
her, other than to identify her as executor, was a claim that she and Turner
defrauded him by selling land owned by Edward Whitfield, that Velma Stewart was
Whitfield=s heir, and that Turner, an heir of Stewart=s, never paid her
debt.

King, acting in her capacity as executor, filed a
no-evidence motion for summary judgment arguing Merriweather failed to state a
cause of action against her.[3] 
Merriweather filed an amended petition nonsuiting Turner and adding King in her
individual capacity.  In this new petition, Merriweather alleged King promised
to pay Turner=s debt from the sale of estate property, but that she
sold the property without paying him.  Merriweather also produced, in his
response to the no-evidence summary judgment motion, what he alleged was King=s written contract
to repay Turner=s debt.

The trial court
held a hearing on King=s motion without creating a record.  On
May 4, 2005, the trial judge signed an AOrder on Defendant=s No Evidence
Motion for Summary Judgment.@  No severance was issued.  The order
contained the following language:

After considering the pleadings, the motion, the
response, if any, and other evidence on file, the Court:








GRANTS Defendant, LILLIE KING, EXECUTRIX OF THE
ESTATE OF VELMA STEWART=s No Evidence Motion for Summary
Judgment as to Plaintiff.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED by
the Court that the Plaintiff take nothing on his claim against LILLIE KING,
EXECUTRIX OF THE ESTATE OF VELMA STEWART.

All costs of court on Plaintiff=s claims are taxed against the
Plaintiff.

All other relief
not expressly granted herein is denied.

On May 16, 2005, Merriweather filed a motion for new trial
on grounds the trial court granted summary judgment based upon a Adead pleading,@ and that the
court Aignored@ the document he
produced which he alleged created triable fact issues.  The trial court denied
his motion on July 8, 2005.  Although Merriweather filed a late notice of
appeal, this court granted his motion to extend the time to file that notice.

We must begin with a sua sponte inquiry into our
jurisdiction to consider this appeal.  Sw. Invs. Diversified, Inc. v. Estate
of Mieszkuc, 171 S.W.3d 461, 467 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Unless a statute specifically authorizes an
interlocutory appeal, appellate courts only have jurisdiction over final
judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001);
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985).  A judgment is
final for purposes of appeal if it disposes of all parties and claims pending
on the record in the case, or if it states with Aunmistakable
clarity@ that it is a
final judgment as to all claims and parties.  M.O. Dental Lab v. Rape,
139 S.W.3d 671, 673B75 (Tex. 2004); Lehmann, 39 S.W.3d
at 192B93.  To determine
whether an order actually disposes of all pending claims and parties, we may
look to the record in the case.  Lehmann, 39 S.W.3d at 205B06.  If the record
does not affirmatively demonstrate our jurisdiction, the appeal must be
dismissed.  Garcia v. Comm=rs Court of
Cameron County, 101 S.W.3d 778, 784 (Tex. App.CCorpus Christi
2003, no pet.).  No presumption of finality attaches to a motion for summary
judgment.  In re Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 829 (Tex. 2005).








The trial court=s order of summary
judgment clearly granted judgment in favor of Lillie King in her capacity as
executor of Stewart=s estate.  It made no mention of Lillie
King in her individual capacity.  This order, therefore, did not dismiss all
parties to the case.  The inclusion of a Mother Hubbard clause (the statement
that all relief not granted is denied) does not overcome this order=s plainly
interlocutory character.  Lehmann, 93 S.W.3d at 203B04.

An interlocutory appeal is allowed only in specific
circumstances, as outlined in the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014 (Vernon
Supp. 2005) (allowing, inter alia, for interlocutory appeal from denials of
summary judgment motions in particular cases).  None of these exceptions apply
to this case.

After fully reviewing the record, we find we lack
jurisdiction over all issues raised in this appeal.[4] 
Accordingly, we dismiss the appeal for want of jurisdiction.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

 









[1]  Although Merriweather filed suit in his capacity as
trustee for the estate of Claude Johnson, nowhere does he explain that capacity=s relation to this case.





[2]  Velma Stewart was Turner and King=s mother.





[3]  We note here that the better practice is to file a
special exception to the pleading; a summary judgment can only be granted on
the pleadings in very few circumstances, such as where the facts alleged
establish the absence of a claim, or show an Ainsuperable barrier to recovery.@  Swilley
v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972); see also Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994) (stating summary judgment based on
pleading deficiency is proper if party has opportunity by special exception to
amend and fails to do so, or files further defective pleadings).





[4]  Merriweather=s
motion for new trial raised grounds that the trial court erred by ordering
summary judgment based on a Adead pleading,@ and that the court erred in granting summary judgment
because the Acontract@
produced by Merriweather created triable fact issues.  The trial court was limited
to ruling solely upon those issues presented in Merriweather=s motion.  That motion attacked only the trial court=s summary judgment order.  As the summary judgment
order did not dispose of all parties and therefore was not a final, appealable
judgment, the order on Merriweather=s
motion for new trial cannot be a final, appealable judgment.