

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00440-CV

AUNDRA CONYER                                                    APPELLANT

V.

JOSUE REYES                                                       APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Aundra Conyer appeals from a summary judgment in favor of Appellee Josue Reyes in a suit arising from a motor vehicle collision. We affirm.

## Background

Conyer was stopped at a yield sign waiting to merge into traffic when his vehicle was struck from behind by a vehicle driven by Reyes's son. The vehicle

---

[1]*See* Tex. R. App. P. 47.4.

Reyes's son was driving was titled in Reyes's name, and the insurance policy insuring the vehicle was issued to Reyes. Conyer brought suit against Reyes, claiming that Reyes negligently entrusted the vehicle to his son.[2]

Reyes moved for summary judgment on traditional and no-evidence grounds. Conyer amended his petition and substituted his negligent entrustment claim with a "permissive entrustment" claim, asserting that as the owner of the vehicle and the named insured on the policy insuring that vehicle, Reyes assumed responsibility for his son's negligence. Reyes amended his motion for summary judgment, arguing that "permissive entrustment" was not a viable theory of recovery under Texas law. The trial court granted Reyes's motion without stating the grounds upon which it based its rulings.

**Analysis**

In his sole issue, Conyer contends the trial court erred by granting summary judgment against him because (1) Reyes was the "titled owner" of the vehicle, (2) Reyes was the named insured on the liability policy covering the vehicle, and (3) Reyes's summary judgment affidavit stated that Reyes's son was operating the vehicle with Reyes's permission. In his motion for summary judgment, Reyes asserted, among other grounds, that "permissive entrustment" is not a viable theory under Texas law and that negligent entrustment is the only

_____

[2]Conyer also brought a negligence claim against Reyes's son, but he died before this suit was filed from causes unrelated to the accident giving rise to this case. A representative of the son's estate never filed an answer or made an appearance.

2

theory under which Reyes could be liable to Conyer for his son's actions in this case. We agree.

As a general rule, "[a] summary judgment should not be based on a pleading deficiency that could be cured by amendment." *In re B.I.V.*, 870 S.W.2d 12, 13 (Tex. 1994); *see Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Summary judgment may be granted only after the complaining party has been given an opportunity to amend his pleadings through a special exception. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *see* Tex. R. Civ. P. 90, 91. However, a nonmovant waives a complaint that summary judgment was improperly granted by failing to raise it in the summary judgment proceeding at trial. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 298 S.W.3d 436, 444 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Conyer did not object to Reyes's request for summary judgment on the pleadings, and he did not request another opportunity to amend. Therefore, we review the propriety of the summary judgment based on the nonmovant's pleadings. *See Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc*, 171 S.W.3d 461, 470 (Tex. App.—Houston [14th Dist.] 2005, no pet.). To determine whether a cause of action exists under the circumstances pled, we assume that all facts alleged by the nonmovant are true and indulge all reasonable inferences in the

3

light most favorable to the nonmovant. *Id.* We do not assume that any legal conclusions stated in the pleadings are true. *Id.* at 470–71.

The elements of negligent entrustment are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007); *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987).

After receiving Reyes's motion for summary judgment, Conyer amended his petition, replacing his negligent entrustment claim with a "permissive entrustment" claim supported by the following allegations:

> Plaintiff would show that Defendant Josue Reyes permitted his son, Mateo Reyes, to use his 2004 Toyota Matrix on a regular basis. As the owner and insurer of the vehicle, Josue Reyes assumed responsibility for any negligence resulting from damage caused by a permissive user of his car. As the owner and liability insurer of the Toyota Matrix, Defendant Josue Reyes had exclusive control of the vehicle and had assumed complete responsibility to the public for the operation of his Toyota Matrix on the public streets and highways by any driver who he permitted to drive the vehicle. By entrusting the vehicle to Mateo Reyes, Defendant Josue Reyes assumed the responsibilities for any and all injuries and damages resulting from the negligent operation of his car. Consequently, Defendant Josue Reyes has the duty to compensate Plaintiff for any and all personal injury damages Plaintiff has incurred as a result of Mateo Reyes's negligence.

Conyer does not cite, nor have we found, any authority supporting his theory of "permissive entrustment" as a means of establishing liability against a

4

vehicle owner who insures a vehicle and then entrusts that vehicle to another.[3]

And we decline Conyer's invitation to create a new cause of action. *See Schneider*, 744 S.W.2d at 596–97 (emphasizing that entrustment liability "rests upon the combined negligence of the owner in entrusting the vehicle to an incompetent or reckless driver and the negligence of the driver"). Therefore, we conclude that negligent entrustment was the only theory of liability against Reyes available to Conyer under the facts of this case.

Conyer did not allege that Reyes's son was an unlicensed, incompetent, or reckless driver or that Reyes knew or should have known his son was an unlicensed, incompetent, or reckless driver.[4] *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 758; *Schneider*, 744 S.W.2d at 596. Thus, Conyer did not allege a viable cause of action against Reyes, and the trial court did not err by granting

---

[3]Conyer argues on appeal that transportation code sections 601.076 and 601.083(d) support his "permissive entrustment" theory. *See* Tex. Transp. Code Ann. § 601.076 (West 2011) (stating terms required to be included in an owner's motor vehicle liability policy), § 601.083(d) (West 2011) ("A motor vehicle may not be registered in the name of a person required to provide evidence of financial responsibility unless the vehicle is covered by a certificate."). Because Conyer did not raise these arguments in his response to Reyes's motion in the trial court, we cannot consider them on appeal. *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

[4]Conyer pled these allegations in his original petition. On appeal, Conyer admits he amended his petition because the evidence did not support his negligent entrustment cause of action.

5

summary judgment in favor of Reyes.  Accordingly, we overrule Conyer's sole issue.[5]

## Conclusion

Having overruled Conyer's sole issue, we affirm the trial court's judgment.


/s/ Anne Gardner

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  April 30, 2014

---

[5]When, as here, the trial court's summary judgment order does not state the basis for the trial court's decision, we must affirm the order if any of the theories presented to the trial court and preserved for appellate review are meritorious.  *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).