**Reversed and Remanded and Memorandum Opinion filed May 2, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00171-CV

## SIEUN LEE AND JIYOON KIM, Appellants

## V.

## CHEOLGYU KIM, Appellee

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 22-DCV-293883**

## M E M O R A N D U M   O P I N I O N

This appeal examines whether the trial court's order granting appellee Cheolgyu Kim's ("Cheolgyu") notice of non-suit constitutes a final judgment. Because we conclude that this order was not final, we reverse the trial court's judgment and remand the case for further proceedings.

### BACKGROUND

Cheolgyu sued appellants Sieun Lee and Jiyoon Kim (together,

"Appellants") for defamation and fraud, asserting that they "spread[] false and malicious allegations of sexual harassment." Cheolgyu also requested a temporary injunction enjoining Appellants "from talking about any claims of sexual harassment and/or sexual misconduct." The trial court entered the temporary injunction in an order signed August 15, 2022.

Appellants moved to dissolve the temporary injunction, pointing out that the trial court's order failed to include several elements required for a valid injunction. *See* Tex. R. Civ. P. 683. Appellants also requested:

> that the Court provide them with the opportunity to prove their damages and the harm they suffered resulting from the improperly imposed restrictions, and that upon such proof, the Court order that they are entitled to monetary relief from [Cheolgyu] for such harm and damages, including but not limited to the reasonable attorney's fees and expenses they incurred to dissolve the July 27th Temporary Injunction Order and to relieve them from its improper restriction of their lawful activities.

Cheolgyu responded with a "Motion for Civil Compel [sic], Motion to Enforce and Motion for Sanctions," asking the court to enforce the terms of the temporary injunction. Appellants filed a response to Cheolgyu's motion and again requested that the trial court assess attorney's fees and sanctions against Cheolgyu.

The trial court signed an order on December 13, 2022, dissolving the temporary injunction. The trial court also ordered as follows with respect to Appellants' request for sanctions and fees:

> [Cheolgyu] pay [Appellants] a monetary amount commensurate with the damages suffered due to the improperly entered Temporary Injunction Order, based on [Appellants'] application to the Court for the harm and damages they suffered and were required to incur due to the restrictions wrongfully imposed on them by the non-compliant injunction order, including but not limited to the reasonable attorney's fees expenses incurred to obtain the dissolution of the injunction

2

order.

Cheolgyu filed a notice of non-suit that same day. On December 22, 2022, the trial court signed an "Order of Non-Suit" stating that "[t]he lawsuit filed in the above entitled and numbered cause is hereby non-suited as of the date of the filing of the Notice of Non-Suit."

Appellants filed their application for attorney's fees and damages the following month. Responding to the application, Cheolgyu asserted that Appellants' request was untimely because it was filed more than 30 days after Cheolgyu's notice of non-suit which, Cheolgyu argued, constituted a final judgment. *See* Tex. R. Civ. P. 329b(d) (the trial court retains plenary power over a cause for 30 days after a final judgment or order is signed). On January 24, 2023, Appellants filed a motion to modify the judgment, requesting the trial court order Cheolgyu to pay as damages the amounts requested in Appellants' application for attorney's fees and damages.

In their motion to modify, Appellants identified December 22, 2022 — the date the trial court signed the non-suit order — as the date of final judgment. However, by accepting this as the final judgment, the trial court's plenary power would have expired at the end of Monday, January 23, 2023[1] — the day before Appellants filed their motion to modify. *See* Tex. R. Civ. P. 4 (computation of time), 329b(d) (the trial court retains plenary power for 30 days).

In light of this deadline, Appellants also filed a "Motion for Leave and Relief Due to Technical Failure of Electronic Filing System Pursuant to Tex. R.

---

[1] Thirty days from December 22, 2022, is Saturday, January 21, 2023. However, in computing a period of time prescribed by the Texas Rules of Civil Procedure, "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." Tex. R. Civ. P. 4. Therefore, the trial court's plenary power extended through Monday, January 23, 2023. *See id*.

Civ. P. 21(f)(6)" on January 25, 2023. Appellants requested that their motion to modify "be deemed to have been filed on January 23, 2023, as would have occurred had there not been technical problems with the electronic filing system." Cheolgyu filed a response arguing that Appellants' motion for leave should be denied because the trial court "has already lost its plenary power and has no power to allow the late filing."

The trial court signed an order denying Appellants' motion for leave on February 10, 2023, stating that the trial court "has lost its plenary power and subject matter jurisdiction over the parties and claims." The trial court signed a second order that same day denying Appellants' motion to modify the judgment. Appellants filed a notice of appeal.

**ANALYSIS**

Appellants raise four issues on appeal and assert:

1.  the trial court's December 22, 2022 order of non-suit was not a final judgment that commenced the trial court's 30-day plenary power;

2.  the trial court's plenary power extended beyond 30 days after the signing of its December 22, 2022 order of non-suit;

3.  the trial court had plenary power and subject matter jurisdiction to consider Appellants' motion for leave; and

4.  the trial court had plenary power and subject matter jurisdiction to consider Appellants' motion to modify the judgment.

Responding to Appellants' issues, Cheolgyu asserts that we lack subject matter jurisdiction over this appeal because Appellants' notice of appeal was not timely filed.

## I.     Jurisdiction

We do not presume appellate jurisdiction; if the record does not affirmatively show that appellate jurisdiction is proper, the appeal must be

dismissed. *See Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc*, 171 S.W.3d 461, 469 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A timely notice of appeal is a jurisdictional prerequisite. *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 493 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The notice of appeal is due 30 days after the final judgment is signed if the time is not extended by certain post-judgment filings. *See* Tex. R. App. P. 26.1(a).

Generally, appeals only may be taken from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Chehab v. Edgewood Dev., Ltd.*, 619 S.W.3d 828, 833 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Where, as here, there has not been a traditional trial on the merits, no presumption arises regarding the finality of a judgment. *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam). Rather, an order is final for purposes of appeal only if it either actually disposes of all claims and all parties before the court or if it describes its actions as (1) final, (2) a disposition of all claims and parties, and (3) appealable. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam); *Lehmann*, 39 S.W.3d at 205; *see also, e.g.*, *Youboty v. Youboty*, No. 14-20-00557-CV, 2022 WL 1548535, at *3 (Tex. App.—Houston [14th Dist.] May 17, 2022, no pet.) (mem. op.).

Texas Rule of Civil Procedure 162 addresses non-suits and states: "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . . A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs[.]" Tex. R. Civ. P. 162. Accordingly, "[a] judgment dismissing all of a plaintiff's claims against a defendant, such as an order of non-suit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order." *Crites*, 284 S.W.3d at 840; *see also Unifund*

*CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009) (per curiam).

*Villa* and *Crites* are instructive here. Each case involved a pending motion for sanctions, the entry of an order recognizing a non-suit, and the determination of whether that order constituted a final judgment. *See Villa*, 299 S.W.3d at 94; *Crites*, 284 S.W.3d at 840. The orders of non-suit in *Villa* and *Crites* lacked specific language addressing the motions for sanctions; therefore, the Texas Supreme Court held that the orders were not final judgments. *Villa*, 299 S.W.3d at 96; *Crites*, 284 S.W.3d at 841.

Here, in their motion to dissolve and response to Cheolgyu's motion to enforce, Appellants requested their attorney's fees and sanctions. The trial court granted Appellants' request in its order dissolving the temporary injunction and instructed Appellants to submit an "application to the Court for the harm and damages they suffered." The following day, Cheolgyu filed a notice of non-suit.

The trial court signed an order of non-suit on December 22, 2022, before Appellants had filed their application for attorney's fees and damages. The order of non-suit states in its entirety:

> This matter coming before the Court [on December 22, 2022] upon the Notice for Non-suit filed in the above entitled and numbered cause and the court having been fully advised in the premises finds and it is therefore ordered:
>
> The lawsuit filed in the above entitled and numbered cause is hereby non-suited as of the date of the filing of the Notice of Nonsuit.

As in *Villa* and *Crites*, the trial court's order of non-suit did not specifically address Appellants' pending request for fees and damages. *See Villa*, 299 S.W.3d at 96; *Crites*, 284 S.W.3d at 841.

Guided by *Villa* and *Crites* as well as the parameters set in *Lehmann*, we conclude the trial court's order of non-suit does not constitute a final judgment.

6

*See Lehmann*, 39 S.W.3d at 205. First, the order did not ***actually*** dispose of all claims before the court and did not specifically address Appellants' pending request for attorney's fees and damages. *See Villa*, 299 S.W.3d at 96 ("Unless the motion [for sanctions] was specifically referenced as having been disposed of by the dismissal order, the order did not necessarily dispose of Villa's motion."). Second, the order did not ***clearly and unequivocally state*** that it disposes of all claims and parties — it only dismissed Cheolgyu's "lawsuit." *See, e.g.*, *Youboty*, 2022 WL 1548535, at *2-3 (order that non-suited "all of [the plaintiff's] claims" did not dispose of pending motion for sanctions); *Hoheisel v. Boyd*, No. 02-19-00142-CV, 2020 WL 370570, at *3-4 (Tex. App.—Fort Worth Jan. 23, 2020, no pet.) (mem. op.) (order of non-suit dismissing "this cause" did not specifically dismiss the defendants' claim for attorney's fees); *Walter v. Teller*, No. 02-12-00028-CV, 2013 WL 5966351, at *2 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (mem. op.) (order of non-suit dismissing "this case" did not dispose of the defendant's motion for sanctions). Therefore, the trial court's December 22, 2022 order recognizing the non-suit did not constitute a final judgment that commenced the 30-day deadline for the filing of Appellants' notice of appeal. *See* Tex. R. App. P. 26.1(a); *Lehmann*, 39 S.W.3d at 205.

Rather, this deadline was tied to the trial court's February 10, 2023 order denying Appellants' motion to modify the judgment. In their motion to modify, Appellants requested that the trial court award them monetary amounts based on their application for attorney's fees and damages — the only claim then remaining before the trial court. By denying this request, the trial court's February 10, 2023 order disposed of all claims before the court, rendering the case appealable. *See, e.g.*, *Crites*, 284 S.W.3d at 841 ("Only when the trial court issued its second order denying sanctions was a final order entered, and only at that point did the case

7

become appealable.").

Appellants filed their notice of appeal on March 13, 2023, within the 30-day deadline that began to run from the signing of the February 10, 2023 order. *See* Tex. R. Civ. P. 4 (computation of time), Tex. R. App. P. 26.1(a). Therefore, we properly may exercise our appellate jurisdiction over this appeal.

We deny Cheolgyu's request that we dismiss the appeal for lack of jurisdiction. For the same reasons underlying this determination, we also sustain Appellants' first two issues and conclude that (1) the trial court's December 22, 2022 order recognizing the non-suit did not constitute a final judgment, and (2) the trial court's plenary power extended beyond the signing of the December 22, 2022 order recognizing the non-suit.

## II.    Motion to Modify

We turn to Appellants' fourth issue, which challenges the trial court's denial of their motion to modify the judgment.

As discussed above, Appellants' motion to modify requested the trial court award them monetary amounts based on their application for attorney's fees and damages. Responding to the motion to modify, Cheolgyu argued it was "untimely" and filed "after the court has lost its plenary power to amend any judgment." The trial court signed an order denying Appellants' motion to modify.

We review a trial court's denial of a motion to modify a final judgment for an abuse of discretion. *Michelsen v. Jones*, No. 14-10-00823-CV, 2011 WL 2791154, at \*1 (Tex. App.—Houston [14th Dist.] July 14, 2011, no pet.) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it acts arbitrarily or unreasonably. *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021).

Here, the only reason given to deny Appellants' motion to modify was based on the expiration of the trial court's plenary power as calculated from the signing of the December 22, 2022 order recognizing the non-suit. *See* Tex. R. Civ. P. 329b(d) (the trial court retains plenary power for 30 days after the final judgment is signed). For the reasons discussed above, we conclude that this order did not constitute a final judgment; therefore, it did not commence the running of the trial court's plenary power. Accordingly, the trial court abused its discretion by relying on this basis to deny Appellants' motion to modify.

We sustain Appellants' fourth issue. Because of our disposition of this issue, we need not reach Appellants' third issue challenging the trial court's denial of their motion for leave to file the motion to modify.

## CONCLUSION

We reverse the portion of the trial court's final judgment denying Appellants' motion to modify and remand the case for further proceedings.

/s/ Meagan Hassan
Justice

Panel consists of Justices Wise, Spain, and Hassan.