Johnny NASH, Petitioner,

v.

HARRIS COUNTY, Respondent.

No. 00–0911.

Supreme Court of Texas.

Nov. 8, 2001.

Rehearing Overruled Jan. 17, 2002.

Mark Omar Midani, Houston, for Petitioner.

Nick Turner, Assistant County Attorney, Sandra D. Hachem, Harris County Assistant Attorney, Michael P. Fleming, Harris County Attorney, Houston, for Respondent.

PER CURIAM.

Petitioner Johnny Nash, a former deputy sheriff, sued for wrongful termination and racial discrimination. He named seven defendants: the sheriff, two deputies, the chair of the civil service commission, and three entities—Harris County, the Harris County Sheriff's Department, and the Civil Service Commission. He sued the four individuals both "individually" and in their official capacities.[1] All of the defendants joined in a motion for summary judgment on all of Nash's claims. The trial court's docket sheet notation indicates that the motion was granted as to all defendants. However, the order signed by the court refers only to the motion for summary judgment of the individual defendants and grants summary judgment only as to those defendants "in their individual and official capacities". The three institu-

---

1. The defendants named in Nash's petition were "Sheriff Tommy Thomas in his official capacity as Sheriff of Harris County and individually, Chief Deputy D.V. McKaskle, individually and in his official capacity, Deputy Russell D. Baker individually and in his offi-cial capacity, Harris County, Harris County Sherifff's Department, Henry Oncken, individually and in his official capacity as Chairman of the Civil Service Commission and the Civil Service Commission".

tional defendants are not mentioned. The order contained a "Mother Hubbard" clause that "[a]ll relief not granted herein is hereby denied."

Nash filed a motion for new trial. He says that he filed it only because he was concerned that the obviously interlocutory order, which did not dispose of his claims against the three defendant entities, might be considered final. However, Nash's motion stated: "Apparently the Court granted the Defendant's Summary Judgment as to all parties and all fourteen issues the Defendant raised in its motion." Nash says that at the hearing on the motion, the court indicated that it did not consider its order to have disposed of the entire case and invited the defendants to file a further motion for summary judgment, but there is nothing in the record to support Nash's assertion. After the date when the motion for new trial would have been denied by operation of law had the court's order been final, the trial court signed an order denying the motion. The court appears to have continued to treat the case as pending. The defendants filed a plea to the jurisdiction, contending that the order granting their motion for summary judgment was final and that the court had lost jurisdiction of the case. The trial court overruled the plea.

Harris County filed notice of an interlocutory appeal.[2] A divided court of appeals reversed the trial court's order denying the plea to the jurisdiction, holding that the order granting summary judgment was final because of its inclusion of a "Mother Hubbard" clause.[3]

After the court of appeals' decision, we held in *Lehmann v. Har–Con Corp.* that the inclusion of "Mother Hubbard" language in an order issued without a full trial cannot be taken as an indication of finality.[4] Thus, the court of appeals was wrong to conclude that the trial court's order was made final by the inclusion of a "Mother Hubbard" clause. Nothing in the order suggests that it adjudicated the plaintiff's claims against the three institutional defendants.

Accordingly, the Court grants Nash's petition for review, and without hearing oral argument, reverses the judgment of the court of appeals, and dismisses the appeal for want of jurisdiction. TEX.R.APP. P. 59.1.

---

**2.** *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) ("A person may appeal from an interlocutory order of a district court ... that ... grants or denies a plea to the jurisdiction by a governmental unit....").

**3.** 22 S.W.3d 46.

**4.** 39 S.W.3d 191, 192 (Tex.2001).