NUMBER 13-05-710-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







OSCAR J. COMEAUX, III, ET AL., Appellants,


v.



BOOKER LOUD, ET AL., Appellees.





On appeal from the County Civil Court at Law No. 1 


of Harris County, Texas.






MEMORANDUM OPINION (1)



Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Castillo


 


 The trial court granted judgment in favor of appellees Booker Loud and Patricia
Loud on their claim for declaratory judgment, fraud, conspiracy, civil rights violations,
and conversion. This appeal ensued. Because a counterclaim alleging breach of
contract and statutory attorney fees remains pending before the trial court, the
judgment appealed from is partial, not final. We dismiss for want of jurisdiction. 

I. BACKGROUND

 This attempted appeal is from a judgment on deemed admissions. The Louds
either rented or had a contract for deed on certain real property. They maintain that
requests for admissions went unanswered and were properly deemed admitted. The
trial court convened a hearing on a motion for judgment on deemed admissions and
allowed limited testimony. The admissions to be deemed admitted were not admitted
in evidence. Even so, the trial court granted judgment in open court on the deemed
admissions and entered a final judgment disposing of the Louds' claims. 

II. ISSUES ON APPEAL

 We are asked to decide whether the trial court erred in the following: (1) finding
admissions deemed with respect to Gregory August, Sr. and Angel August; (2)
granting injunctive relief against Gregory August, Sr.; (3) divesting Oscar J. Comeaux,
III, of title and claim to the real property in question; (4) finding that Comeaux failed
to respond to requests for admissions; and (5) refusing to consider Comeaux's
counterclaim.

III. THE PARTIES

 Several individuals are mentioned throughout this opinion:


Appellants

Oscar J. Comeaux, III Defendant and Counter-plaintiff/Appellant

Gregory Eugene August, Sr. Named in judgment/Appellant 

Angel August Named in judgment/Appellant

Ronald G. Ray, Sr. Appellants' attorney below and on appeal

Appellees

Booker Loud Plaintiff/Appellee

Patricia Loud Plaintiff/Appellee

Michael Easton, Sr., Appellee, Pro-Se (2)

Celso Suarez, Jr. Attorney for Booker Loud below and on appeal

Peter J. Riga Appellees' attorney below (3)

For ease of reference, we use "the named defendants" to identify Comeaux, Gregory
August, Sr., and Angel August. 

IV. TRIAL COURT PROCEEDINGS

 Essential to our review and disposition is the finality of the judgment before us
because, based on the fifth issue presented, the trial court did not enter an order
adjudicating a pending counterclaim that included a claim for statutory attorney fees. 
Thus, we review first the procedural posture of the case, then look to the question of
jurisdiction, and decide whether the judgment is final. Accordingly, we turn to the
record before us. See Tex. R. App. P. 44.1, 47.1.

A. The Louds' Lawsuit

 On May 20, 2005, Booker and Patricia Loud filed the original petition against
Comeaux. The petition shows Riga and Suarez as attorneys of record. (4) 

 On May 24, 2005, the Louds filed an amended petition (hereafter "live
pleading") adding as defendants Gregory Eugene August, Sr., and Angel August. With
respect to service, the live pleading recites:

 Defendant Oscar Comeaux has appeared by Counsel, Rodney Minger. (5) 
Gregory Eugene Sr., . . . and Angel August may be served by their
Counsel Rodney Minger pursuant to Rule 21 & Rule 21(a), Tex. R. Civ.
Proc.


Among other things, the Louds sought a declaratory judgment that the residence in
question "was sold by virtue of contract for deed to the Louds, thus vesting title in the
Louds." (6) The address is not specified. The live pleading added a request for
temporary and permanent injunctions ordering the named defendants to remain at least
100 feet away from the Louds and to restrain the named defendants from transferring
and disposing of "any other real estate." 

 The live pleading was filed by attorney Suarez as attorney for Booker Loud and
Easton as "Assignee for Patricia Loud." Easton's address, telephone and fax numbers
are identical to Riga's; however, Riga is not shown as attorney of record. In the
certificate of service, Easton represented he "served Counsel Rodney Minger with a
true and correct copy of this amendment" on May 26, 2005. The method of service
is not indicated. 

B. The Order Granting Temporary Injunction

 On May 26, 2005, the trial court signed an order granting a temporary
injunction against Comeaux, Gregory August, Sr., and Angel August. The order recites
that the trial court heard evidence that day. The document ostensibly bears the
signatures of Easton, Suarez, and Rodney Minger. The order does not identify
Minger's client or clients. It does not indicate whether the named defendants
appeared.

C. The Order for Trial Setting

 On May 27, 2005, the trial court entered an order setting the case for trial on
July 11, 2005. The sole attorney identified for notice is Riga. 

D. Comeaux's Original Answer and Counterclaim 

 On June 8, 2005, Comeaux filed his original answer and counterclaim to
"BOOKER LOUD'S original petition." In his counterclaim, he alleged breach of a rental
lease agreement for the residence located at 17114 Paxston Point Lane. Comeaux
sought possession of the premises as "rightful owner," rent owed, and attorney fees. 
The certificate of service from Ray, his attorney, shows:

CERTIFICATE OF SERVICE

I certify that I delivered a copy of the above-document by telecopier (713-771-8653) to Peter J. Riga, Attorney for Plaintiff [address] on the 7th day June
2005.


The clerk's record contains Ray's transmittal letter to the Harris County Clerk. Dated
June 7, 2005, the letter states in part, "By copy of this correspondence, opposing
counsel is noticed of this filing" and "cc: Peter J. Riga." 

E. The Trial

 On July 11, 2005, trial was to the bench. Easton appeared pro se and
announced ready. (7) Suarez announced ready. Ray did not announce ready. Easton
made a motion for "judgment based on admissions." Easton offered as evidence a
discovery document including requests for admissions ostensibly served on each of the
named defendants. The trial court did not expressly rule to admit the document in
evidence. (8) 

 Assuming without deciding that the trial court impliedly admitted the document,
see Tex. R. App. P. 33.1a(2)(A), we pause to review it, included as Exhibit 1 in the
reporter's record. Bearing the district clerk's file stamp dated on May 31, 2005, the
document contains "Requests for Admissions" for each of the named defendants. (9) 
The certificate of service indicates Easton sent them by fax to Rodney Minger. 

 On Easton's motion, the trial court ruled that Gregory August, Sr., and Angel
August, whether or not served with citation, were parties by virtue of Minger's
signature on the temporary restraining order. 

 Sustaining Easton's objections with respect to testimony contrary to the deemed
admissions, the trial court allowed only Angel Gregory to testify on behalf of the
named defendants. She testified that Comeaux was the owner of the residence
located at "17114 Paxton Drive" and the Louds had signed a lease for the residence
in question. The rental rate was $2,300 monthly. 

 Throughout the proceeding, attorney Ray pointed to the existence of the
counterclaim. Easton denied service of the counterclaim. Ray responded that he had
faxed the pleading to Riga, an attorney of record for the Louds. The trial court ruled
that the counterclaim was "not relevant" absent proof that Easton was served. Booker
Loud's attorney, Suarez, did not deny service of the counterclaim. 

F. The Trial Court's Decision on the Merits

 The trial court pronounced the following relief: (1) "possession" and attorney
fees, (2) "punitive damages" in the amount reflected in the judgment, and (3)
mediation on the filing of a motion for new trial.

G. The Judgment

 The judgment in effect: (1) awards possession of the premises located at
"17114 Paxson Pointe Lane" to "Booker and Patricia Loud;" (2) divests Comeaux of
title to the property; (3) orders Comeaux, Gregory August, Sr., and Angel August to
pay Booker Loud and Michael Easton, "as assignee for Patricia Loud" monetary
damages, (10) "jointly and severally;" and (4) grants a permanent injunction. 

V. JURISDICTION 

 Even when not raised by the parties, we must inquire into our jurisdiction to
consider an appeal. Southwest Invs. Diversified, Inc. v. Estate of Mieszkuc, 171
S.W.3d 461, 467 (Tex. App.-Houston [1st Dist] 2005, no pet.) (citing M.O. Dental
Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam), Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)). Absent a statutory or
constitutional source of authority for review of an interlocutory order, our appellate
jurisdiction is limited to final judgments. Id. (citing Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001)); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 2006). A judgment is final for purposes of appeal if it disposes of all
parties and claims pending on the record in the case, or if it states with "unmistakable
clarity" that it is a final judgment as to all claims and parties. Mieszkuc, 171 S.W.3d
at 467. To determine whether an order actually disposes of all pending claims and
parties, we may look to the record in the case. Id. If the record does not affirmatively
demonstrate our jurisdiction, the appeal must be dismissed. Id. 

A. The Pivotal Question of Service of the Counterclaim

 By their fifth issue, appellants assert that the trial court erroneously refused to
address their counterclaim based on breach of contract and for attorney fees. 
Appellees counter that the trial court properly ruled to exclude the counterclaim. 
Resolution of the question of our jurisdiction turns on whether the counterclaim was
properly before the trial court at the time it rendered judgment. 

 The procedural posture demonstrates that Comeaux's counterclaim was timely
filed with his original answer. (11) The claim was directed to "Booker Loud" and not to
Patricia Loud or her assignee, Easton. Easton was not the attorney of record for
Booker Loud. Suarez and Riga were the attorneys of record when Booker Loud filed
suit against Comeaux. Suarez, the sole attorney of record for Booker Loud at the time
of trial, did not deny receipt of service of the counterclaim. 

 On the occasion of a party's first appearance through counsel, the attorney
whose signature first appears on the initial pleadings for any party shall be the attorney
in charge, unless another attorney is specifically designated therein. Tex. R. Civ. P. 8.
Comeaux expressly filed an answer and counterclaim to Booker Loud's original
petition. Riga's signature appears first on that pleading. Thus, under Rule 8, Ray
correctly determined that Riga was the attorney in charge. See id. Rule 8 also states
that all communications from the court or other counsel with respect to a suit shall be
sent to the attorney in charge. Id. The trial court sent the order setting the trial date
to Riga, in compliance with Rule 8. Ray directed both the certificate of service and the
transmittal letter to Riga, in accord with Rule 8. 

 Rule 21a expressly authorized Ray to serve the counterclaim on Booker Loud's
attorney of record, Riga, by fax. (12) See Tex. R. Civ. P. 21a. As Comeaux's attorney
of record, Ray certified compliance with Rule 21a in the certificate of service in the
pleading. See id. His transmittal letter to the district clerk with the notation "cc: 
Peter J. Riga" further demonstrates compliance with the service requirement. Id. 
Ray's certificate of service constituted "prima facie evidence of the fact of service" of
the counterclaim on Riga, the Louds' attorney of record. Id.; see also Meek v. Bishop
Peterson & Sharp, P.C., 919 S.W.2d 805, 809 (Tex. App.-Houston [14th Dist.] 1996,
writ denied). (13) The record does not show a substitution of the attorney in charge; (14)
rather, the Louds' live pleading reflects Suarez as the attorney in charge for Booker
Loud. All facts considered, we conclude that Ray properly effected service of the
counterclaim on Riga, the attorney in charge. See Tex. R. Civ. P. 8, 21a; Cliff v.
Huggins, 724 S.W.2d 778, 780 (Tex. 1987) (holding that the Rule 21a presumption
may be rebutted by an offer of proof of nonreceipt and, in the absence of evidence to
the contrary, the presumption has the force of a rule of law). 

 Ray also complied with Rule 21. See Tex. R. Civ. P. 21. Rule 21 states that,
if there is more than one other party represented by different attorneys, one copy of
such pleading shall be delivered or mailed to each attorney in charge. Id. Easton's
name appears on the Louds' original petition, to which Comeaux's counterclaim
answered. However, Easton was never the attorney in charge for Booker Loud, the
party in the counterclaim. The Louds' original petition was amended four days later,
reflecting Easton as the assignee for Patricia Loud. The record does not demonstrate
that Ray was served with the amended petition (the live pleading); rather, the
certificate of service shows that Easton served the live pleading on Minger. Ray, and
not Minger, represented Comeaux. Because Ray filed and served the answer with the
counterclaim on Riga, notice to Riga was imputed to Riga's client, Patricia Loud and
consequently to her assignee Easton. See Lehrer v. Zwernemann, 14 S.W.3d 775,
778 (Tex. App.-Houston [1st Dist.] 2000, pet. denied) (holding that knowledge
acquired by or notice to an attorney during the existence of the attorney-client
relationship, and while the attorney is acting within the scope of his authority, is
imputed to the client). Thus, even assuming that Easton did not receive a copy of the
counterclaim because notice of the counterclaim was imputed to him, he provided no
evidence to negate Ray's compliance with Rules 21 and 21a. See Tex. R. Civ. P. 21,
21a. Consequently, Comeaux's counterclaim was properly served, Easton had
constructive notice of the claim, and the pleading remains pending before the trial
court. Comeaux preserved error by timely presenting his request that the trial court
consider his counterclaim and obtaining the trial court's refusal. See Tex. R. App. P.
33.1(a)(1) (2). The trial court denied the request in response to Easton's lack of
service claim, which we have concluded is without basis in fact and in law. The trial
court disallowed any evidence in support of the counterclaim. 

B. The Question of Service of the Requests for Admissions (15)

 Easton relied on Minger's signature on the temporary restraining order as
conclusive that Minger was Comeaux's and the Augusts' attorney. However, the
conclusion is not supported by the record. The restraining order is not an "initial
pleading" (16) within the plain meaning of Rule 8. See Tex. R. Civ. P. 8. Importantly,
Minger's signature does not appear on Comeaux's "initial pleading," namely, his
answer and counterclaim. Rather, Ray was Comeaux's attorney in charge. Similarly,
the record does not contain "initial pleadings" for Gregory August Sr. and Angel
August. (17) Accordingly, under Rule 8, Minger was not the attorney in charge for the
Augusts. (18) Id.

 Assuming without deciding that the requests for admissions are properly before
us, we observe that Easton served the requests for admissions on Minger. (19) Because
Minger was not the attorney in charge for Comeaux, Gregory August, Sr., or Angel
August, service of the requests for admissions on Minger does not constitute service
on Cormeaux, Gregory August, Sr., or Angel August. 

 "Implicit in the concept of service is the need for the party upon whom an item
is served to actually receive it." Payton v. Ashton, 29 S.W.3d 896, 898 (Tex. App.-
Amarillo 2000, no pet.). Rule 198.1 allows a party to serve on another party requests
for admission. See Tex. R. Civ. P. 198.1. The responding party must serve a written
response on the requesting party within thirty days after service of the request. Tex.
R. Civ. P. 198.2(a). Thus, a party's duty to respond to requests for admissions is
triggered upon receipt of the requests. See Payton, 29 S.W.3d at 898. If a response
is not timely served, the request is considered admitted without the necessity of a
court order. Tex. R. Civ. P. 198.2( c). 

 In this case, the requests for admissions were erroneously served on Minger,
who was not the attorney in charge. Consequently, neither constructive nor actual
notice of the requests to Minger can be imputed to Comeaux or the Augusts. See
Etheredge v. Hidden Valley Airpark Ass'n, 169 S.W.3d 378, 383 (Tex. App.-Fort
Worth 2005, pet. denied). Because there was no service of the requests for
admissions, there was no duty to respond. See Tex. R. Civ. P. 198.2(a); Payton, 29
S.W.3d at 898. Consequently, the requests could not be deemed admitted. See Tex.
R. Civ. P. 198.2( c). 

C. The Question of Finality

 Easton announced ready as a party. He denied service of the counterclaim. 
Booker Loud's attorney of record, Suarez, did not announce ready. Ray demonstrated
service to Riga, which notice was imputed to Easton. Easton's denial was insufficient
to negate prima facie proof of service. Comeaux's counterclaim was a pending claim
at the time the trial court rendered judgment. The trial court disallowed evidence on
the counterclaim and refused to consider it. The trial court granted judgment on the
Louds' live pleading and deemed admissions without reaching Comeaux's
counterclaim. We turn to the question of finality of the judgment. 

 We have reviewed the record. Before we consider the issues, we must first
determine if the order granting summary judgment signed July 15, 2005, is a final
judgment. The judgment is final if it disposes of all pending parties and claims in the
record. Mieszkuc, 171 S.W.3d at 467. In cases in which only one final and
appealable judgment can be rendered, a judgment issued without a conventional trial
is final for purposes of appeal if it actually disposes of all claims and parties then
before the court, regardless of its language, or states with unmistakable clarity that
it is a final judgment. See Lehmann, 39 S.W.3d at 204. Therefore, whether a decree
is a final judgment must be determined from its language and the record in the case. 
Id. We turn to the record before us.

1. Comeaux's Claims for Breach of Contract and Attorney Fees

 An award of attorney fees must be based on statutory authority. Texas Civil
Practice and Remedies Code section 38.001 allows a claimant suing for breach of
contract to recover attorney fees in addition to the amount of a valid claim based on
a written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997);
Mustang Pipeline Co. v. Driver Pipeline Co., 134 S.W.3d 195, 201 (Tex. 2004)(per
curiam). To recover attorney fees the claimant must (1) prevail on the cause of action
and (2) recover damages. Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.
1997). We strictly construe statutes providing for recovery of attorney fees. City of
Austin v. Travis County Landfill Co., 25 S.W.3d 191, 206-07 (Tex. App.-Austin
1999), rev'd on other grounds, 73 S.W.3d 234 (Tex. 2002) (citing New Amsterdam
Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967) and Van Zandt v.
Fort Worth Press, 359 S.W.2d 893, 895 (Tex. 1962)). Thus, any award of attorney
fees in this case must find its authority in section 38.001. Tex. Civ. Prac. & Rem.
Code Ann. § 38.001(8). 

2. Disposition

 Trial was to the bench. Angel August's testimony demonstrated that Comeaux
owned the property, and the Louds signed a lease for the property. The trial court
disallowed the lease agreement in evidence. Booker Loud and Easton relied solely on
the deemed admissions as evidence of their claims. We have concluded there were
no deemed admissions. On grounds of lack of notice to Easton of the counterclaim,
the trial court refused to consider it. We have concluded that Easton had constructive
notice of the counterclaim. The judgment divests Comeaux of ownership of the
property without allowing him the opportunity to defend title, if any, and seek redress. 
Comeaux has not waived his counterclaims for breach of contract or attorney fees. 
The judgment requires he pay a monetary judgment and attorney fees. Nothing in the
trial court's judgment suggests that it was aware of, and, thus, intended to deny
Comeaux's statutory claim for attorney fees. 

 Although the trial court's decree disposed of the Louds' claims against the three 
named defendants and requests for attorney fees in the case, the record does not
reflect that the trial court disposed of Comeaux's breach of contract and attorney fee
claims against Booker Loud.

 We acknowledge that an appellate court must not dismiss an appeal for formal
defects or procedural irregularities without allowing a reasonable time to correct those
matters, nor may it dismiss an appeal if a trial court's erroneous action or inaction
prevents the proper presentation of an appeal and can be corrected. Mieszkuc, 171
S.W.3d at 468-69; see Parks v. Dewitt County Elec. Coop., 112 S.W.3d 157, 163
(Tex. App. -Corpus Christi 2003, no pet.). In this case, however, the record does not
affirmatively reflect that a final judgment was rendered in the case disposing of all
claims and parties. Further, this is not a case in which Comeaux's counterclaim was
not properly before the court when judgment was rendered. The record affirmatively
reflects that Comeaux's attorney, Ray, requested the trial court to consider the
counterclaim and attempted to adduce evidence in support of it at trial. 

 Unaddressed claims before the trial court are not matters we can construe as
merely perfunctory or ministerial. Mieszkuc, 171 S.W.3d at 469. In Lehmann, the
supreme court stated that an appellate court could abate an appeal if there was
uncertainty about the intended finality of the trial court's orders. Id. (citing Lehmann,
39 S.W.3d at 206); see also Tex. R. App. P. 27.2. Here, however, the record reflects
that a counterclaim, including a statutory claim for attorney fees, remains pending in
the suit. Even though the trial court expressly ruled the counterclaim was not relevant,
there is no presumption that the trial court disposed of the counterclaim. See
Mieszkuc, 171 S.W.3d at 469. 

 The grant of judgment on the Louds' claims does not automatically make the
judgment final. Because the judgment does not appear final on its face and because
it did not dispose of Comeaux's counterclaim, including a claim for statutory attorney
fees, it is interlocutory and, thus, not an appealable judgment. Consequently, the
record does not affirmatively demonstrate our jurisdiction. Mieszkuc, 171 S.W.3d at
467. The appeal must be, and hereby is, dismissed for want of jurisdiction. (20) Id. 

VI. CONCLUSION

 An undisposed counterclaim that includes a statutory claim for attorney fees
remains pending before the trial court. Because the judgment is not final, we do not
have jurisdiction. See Mieszkuc, 171 S.W.3d at 467. We sustain the fifth issue
presented and, accordingly, dismiss for want of jurisdiction. 

 



 ERRLINDA CASTILLO

 Justice




Memorandum Opinion delivered and filed

this the 12th day of October, 2006.

 

 
1. See Tex. R. App. P. 47.1, 47.4.
2. As addressed below, Easton appeared for trial as the assignee for Patricia Loud.
3. We observe that Peter J. Riga does not represent appellees on appeal. Although not clear from
the appellate record, at some point he apparently ceased representing Booker and Patricia Loud.
4. The petition shows that they did not office together. Below the signature line for each
attorney appears the following: "Michael Easton for [attorney] w/permission." 
5. Attorney Rodney Minger does not represent appellees on appeal. 
6. The Louds alleged an illegal scheme to deprive them of ownership rights in the property.
7. The record does not explain Easton's pro se interest. We observe that the trial court granted
judgment in his favor as "the assignee" for Patricia Loud. 
8. Also attached to the reporter's record is a residential lease offered by the named defendants
but not expressly admitted in evidence. 
9. We note that, with respect to the property in question, the requests for admissions identify
it as "17114 Paxson Place Lane." The judgment reflects "17114 Paxson Point Lane." The residential
lease reflects "17114 Paxston Pointe." 
10. Judgment is rendered when a district court officially announces its decision in open court or
by written memorandum filed with the clerk. S & A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex.
1995)(per curiam) (citing Samples Exterminators v. Samples, 640 S.W.2d 873, 875 (Tex. 1982)(per
curiam)). The rendition of judgment is a present act, either by spoken word or signed memorandum,
which decides the issues upon which the ruling is made. Leal, 892 S.W.2d at 858. We observe that
the trial court rendered judgment for punitive damages. The judgment entered recites "damages" and
not "punitive damages." 
11. We observe that Comeaux affirmatively sought attorney fees, germane to his counterclaim. 
See Tex. R. Civ. P. 1, 48, 64, and 97(b); see also Tex. R. Civ. P. 90, 91. 
12. Indeed, the trial court's order setting the case for trial reflects notice only to Riga. The
reasonable inference is that Riga was at a minimum the lead attorney of record for Booker and Patricia
Loud. 
13. The presumption of service may be rebutted by an offer of proof of improper service. See
Tex. R. Civ. P. 21a; Meek v. Bishop Peterson & Sharp, P.C., 919 S.W.2d 805, 809 (Tex. App.-Houston
[14th Dist.] 1996, writ denied).
14. See Tex. R. Civ. P. 10 (stating the procedure for an attorney's withdrawal from
representation). 
15. A party may serve on another party written requests that the other party admit the truth of
any matter within the scope of discovery. See Tex. R. Civ. P. 198.1. 
16. A pleading, by definition, determines the issues to be tried. Erisman v. Thompson, 167
S.W.2d 731, 733 (Tex. 1943). By definition, a temporary order is not a pleading. See id. An order
is a pronouncement of the trial court's decision. See Reese v. Piperi, 534 S.W.2d 329, 330 (Tex.
1976). 
17. The record does not demonstrate that (1) Comeaux and the Augusts were served with
citation, (2) they appeared at the temporary injunction hearing, or (3) Minger was authorized to represent
them at the hearing. 
18. The temporary injunction and the docket sheet do not state that Comeaux and the Augusts
appeared. See Tex. R. Civ. P. 120.
19. As noted previously, the trial court did not expressly admit the requests for admissions in
evidence. They are part of the reporter's record. They are not in the clerk's record. See Tex. R. Civ.
P. 191.4( c) (authorizing a person to file discovery materials necessary for a proceeding in an appellate
court). 
20. See Nash v. Harris, 63 S.W.3d 415, 416 (Tex. 2001) (per curiam); Bally Total Fitness Corp.
v. Jackson, 53 S.W.3d 352, 359 (Tex. 2001); Bobbitt v. Stran, 52 S.W.3d 734, 735 (Tex. 2001) (per
curiam); Citgo Ref. & Mktg., Inc. v. Garza, 94 S.W.3d 533, 550 (Tex. App.-Corpus Christi 2002, no
pet.); Villarreal v. Zukowsky, 54 S.W.3d 926, 930 (Tex. App.- Corpus Christi 2001, no pet.).