Petition for Writ of Mandamus
Denied and Memorandum Opinion filed July 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00482-CV

____________

 

IN RE JULIE FISCHER, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

234th District Court

Harris County, Texas

Trial Court Cause No. 2006-48780

 

 

 



M E M O R
A N D U M   O P I N I O N

            On June 3, 2011, relator Julie Fischer filed a petition for
writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  Fischer complains that respondent, the Honorable
Reece Rondon, presiding judge of the 234th District Court of Harris County, has
granted a motion for new trial outside of his plenary power.  In four issues,
Fischer asserts that the trial court signed a final default judgment on October
17, 2007, or alternatively, on August 18, 2008, and the court lacked
jurisdiction to grant a new trial on April 27, 2011.  The real party in
interest, Skin for Life, a Division of Lifeline Medical, Inc. (“SFL”), has filed
a response to the petition.  In its response, SFL asserts that the default
judgment was not final and the trial court retains plenary jurisdiction.  We agree,
and accordingly, deny the requested relief.

FACTUAL BACKGROUND

            On April 1, 2005, SFL filed a collection suit against Fischer
in county court alleging that Fischer breached a lease agreement for a
microdermabrasion machine for her business, Utopia Day Spa.  On August 9, 2006,
while the county court suit was pending, Fischer filed the underlying suit
against SFL and its president, Tushar Shah.[1] 
She alleged breach of contract and claims for damages arising from her arrest after
the leased equipment was not returned and the resulting loss of value of her
business.  On April 18, 2007, the trial court granted Fischer’s motion to
consolidate the two cases in district court.  

            On June 25, 2007, in response to a dismissal notice, Fischer
moved for a default judgment against SFL, and the trial court signed an order
granting the motion on October 18, 2007.  The order did not address Fischer’s
claims against Shah or SFL’s claims against Fischer.  Acknowledging that the
first order was interlocutory, Fischer moved to sever her claims against Shah
on July 18, 2008, but the motion was not granted.  

            Fischer then filed a second motion for default judgment
against Shah, which the trial court granted in an order signed on August 18,
2008.  The August 18, 2008 default judgment awarded Fischer damages and
attorney’s fees totaling $1,640,000.  The order failed to address SFL’s claims
against Fischer.  SFL asserts that it was not served with the default motions
or orders, and it understood that both actions would be dismissed.

            After SFL learned of the default judgment, it filed an answer
and a motion for new trial on September 17, 2010.  The trial court signed an
order granting a new trial on April 27, 2011.  Fischer then filed a motion to
clarify the court’s order.  On May 17, 2011, the trial court signed a new order
granting a new trial, and it withdrew the previous order.  In its May 17, 2011 order,
the court found as follows:

1. This Court retains jurisdiction over this matter
because the Default Judgment was not final or supported by the evidence, and
the judgment failed to resolve all claims and parties, and it was not the conscious
intent of the Court for the judgment to be final; and

2. In equity, Defendant is entitled to a new trial.
Due process was not observed in 2007 and prior in obtaining the ex parte
default judgment because service on Defendant was never properly obtained on
Defendant, and the default was initially pursued without obtaining proper
service, and proper procedure and due process was not followed in seeking
consolidation. Defendant Skin for Life has met the requirements set forth in Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The Court
finds that (a) Defendant or Defendant's counsel at the time of the filing did
not act intentionally or with conscious indifference in failing to file an Answer,
(b) Defendant has a meritorious defense to Plaintiffs case, and (c) granting
this Motion would occasion no undue delay or otherwise work an injury to Plaintiff.


3. The Court’s April 27, 2011 order granting Skin for
Life's motion for new trial is hereby withdrawn in its entirety and replaced
with this one. 

It is, therefore, ORDERED that a new trial be held in
the interest of justice and fairness.

MANDAMUS
STANDARD

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by law.  See Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  Mandamus is appropriate
without a showing that an appeal is inadequate if a trial court issues an order
beyond its jurisdiction or after its plenary power has expired.  See In re
Lovito-Nelson, 278 S.W.3d 773, 776 (Tex. 2009).  

PLENARY
POWER

            A
trial court has plenary power over its judgment until it becomes final.  Fruehauf
Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993).  A judgment is not final
merely because it states that it is final; it must actually dispose of all
parties and claims or demonstrate an unequivocal intent to dispose of all
parties and claims.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205
(Tex. 2001).  We may review the record in making our determination as to the
finality of the judgment.  Id. at 205-06.  If the record reveals the
presence of other parties or claims not mentioned in the order, the order is
not final.  Id. at 206.

            The
default judgment did not reference the claims in the consolidated county court
action.  Therefore, the judgment does not dispose of all parties and claims or
demonstrate a clear intent to do so.  See In re RSL Funding, LLC, No.
14-10-01111-CV, 2010 WL4685385 (Tex. App.—Houston [14th Dist.] Nov. 18,
2010, orig. proceeding) (mem. op.) [mand. denied Feb. 25, 2011].  We conclude
that the trial court retained plenary power to grant SFL’s motion for new
trial.

RULE 329b

            Fischer’s
argument that the motion for new trial was long ago overruled by operation of
law is also unavailing.  See Tex. R. Civ. P. 329b(c) (stating motion for
new trial is overruled by operation of law 75 days after filing if no ruling
has issued).  Rule 329b applies to final judgments, rather than an
interlocutory order, as in this case.  See Nash v. Harris County, 63
S.W.3d 415, 416 (Tex. 2001) (recognizing that motion for new trial would have
been denied by operation of law had the court’s order been final); see also
Bradley v. Peters, No. 01-07-00081-CV, 2007 WL 4284659, *2 (Tex.
App.—Houston [1st Dist.] Dec. 6, 2007, no pet.) (mem. op.) (recognizing that
Rule 329b operates to overrule a motion for new trial 75 days after a final
judgment is signed).

SANCTIONS

            In
its response, SFL requests that this court assess sanctions against Fischer.  See
Tex. R. App. P. 52.11.  SFL argues that Fischer failed to cite to the
record to support the factual statements in her mandamus petition, and SFL also
cites numerous omissions from the mandamus record.  Rule 52.11 permits an
appellate court to assess sanctions on a party or attorney who is not acting in
good faith, as shown by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an
underlying proceeding;

(c) grossly misstating or omitting an obviously
important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly
misleading because of the omission of obviously important and material evidence
or documents.

 

Id.  “An appellate court should exercise
the discretion afforded by Rule 52.11 with caution and only after careful
deliberation.”  In re Cooper, 320 S.W.3d 905, 911 (Tex. App.—Texarkana
2010, orig. proceeding); see also In re Lerma, 144 S.W.3d 21, 27 (Tex.
App.—El Paso 2004, orig. proceeding).

            We
decline to exercise our discretion under Rule 52.11 to assess sanctions against
Fischer.  Although Fischer did not include copies of many of the pleadings and
other filings that SFL provided in its supplemental record, Fischer provided a
copy of SFL’s motion for new trial, which set forth a detailed discussion of
the history of the case.  We also note that Fischer included with her mandamus
petition a printout from the Harris County District Clerk of the case’s docket,
which contains a list of filings and activity from the case’s initiation in 2006
to the granting of the new trial in 2011.  We do not find a gross misstatement
of facts warranting sanctions.  

Fischer’s issues are overruled and the petition for writ of
mandamus is denied.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.









[1]  Shah has filed
a special appearance, which remains pending before the trial court, and he is
not a party to this proceeding.