

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00410-CV

———————————————————

IN THE INTEREST OF J.C., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-659873-19

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

In this custody dispute, pro se Appellant T.C.[1] seeks to appeal the trial court's "Order Declining Jurisdiction Under the UCCJEA" (Order). We will dismiss this appeal for want of jurisdiction because the Order is not a final judgment or an appealable interlocutory order.

T.C. and Appellee R.M. share a child together—J.C. On June 21, 2021, the trial court entered its original SAPCR order appointing R.M. sole managing conservator of J.C. with the right to designate J.C.'s primary residence without a geographic restriction. T.C. was appointed J.C.'s possessory conservator. T.C. attempted an untimely appeal of this SAPCR order, which we dismissed for want of jurisdiction. *See In re J.C.*, No. 02-21-00308-CV, 2021 WL 5368689, at *2 (Tex. App.—Fort Worth Nov. 18, 2021, no pet.) (mem. op.).

T.C. then filed a "Verified Petition for the Necessity Of Measures To Prevent International Parental Child Abduction" on June 28, 2022, requesting the trial court to put restrictions on J.C.'s passport. In response, R.M. filed a plea to the jurisdiction, arguing that the trial court's plenary power had expired to consider T.C.'s request. The trial court agreed with R.M. and it dismissed the petition on July 21, 2022. T.C. did not appeal this order.

---

[1]We use initials to refer to the parents and child. *See* Tex. Fam. Code Ann. 109.002(d).

However, the next day T.C. filed his "VERIFIED Petition for Modification of an Order Under TX Fam. Chapter 156 And request for Temporary Orders" in which he sought to be appointed sole managing conservator of J.C. R.M. again sought dismissal of T.C.'s petition through a plea to the jurisdiction and requested alternatively that the trial court decline jurisdiction on inconvenient-forum grounds pursuant to Section 152.207 of the Family Code.[2] *See* Tex. Fam. Code Ann. § 152.207. She argued that Florida was a more convenient forum to make custody determinations as to J.C. After a hearing, at which evidence was heard related to Florida being a more convenient forum, the trial court entered its Order, which included the following provisions:

- "The Court FINDS that this Court is the court of continuing exclusive jurisdiction for the child, [J.C.], the subject of this suit."

- "The Court FINDS that the State of Texas is an inconvenient forum under the circumstances" and "that Florida is a more appropriate forum than . . . Texas."

- "IT IS ORDERED that the Court DECLINES to exercise its jurisdiction."

---

[2]Section 152.207 allows a Texas court with jurisdiction over child-custody matters to "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum" and that another state is more appropriate. Tex. Fam. Code. Ann. § 152.207(a). In making this determination, the court is to consider eight nonexclusive factors related to the forum issue. *Id.* § 152.207(b). If the court determines that another state is the more appropriate forum, it "shall stay the proceedings upon condition that a child custody proceeding be promptly commenced" in the other state. *Id.* § 152.207(c).

- "IT IS ORDERED that this case is STAYED and [T.C.] is ORDERED to promptly commence a suit in Brevard County in the State of Florida."

- "IT IS ORDERED that the [June 21, 2021 SAPCR order] remains in full force and effect."

- "All other relief requested by the parties not specifically granted herein is DENIED."

It is from this Order that T.C. attempts to appeal.

Generally, appeals may be taken only from final judgments or from interlocutory orders as expressly allowed by statute. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A judgment is "final for purposes of appeal if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The inclusion in a judgment of "Mother Hubbard" language, such as "[a]ll relief not granted herein is hereby denied," without a full trial, "cannot be taken as an indication of finality." *Nash v. Harris Cnty.*, 63 S.W.3d 415, 416 (Tex. 2001).

Further, a ruling on an inconvenient-forum motion is not an appealable interlocutory order. *Martinez v. Bell Helicopter Textron, Inc.*, 49 S.W.3d 890, 891 (Tex. App.—Fort Worth 2001, pet. denied). This includes inconvenient-forum rulings in custody cases made pursuant to Section 152.207 of the Family Code. *Fowler v. Fowler*, No. 10-01-294-CV, 2004 WL 68106, at *2 (Tex. App.—Waco Jan. 14, 2004, no pet.) (mem. op.); *see In re Minschke*, No. 13-20-00508-CV, 2021 WL 1844240, at *13 (Tex.

4

App.—Corpus Christi-Edinburg May 7, 2021, orig. proceeding) (mem. op.) (noting in a mandamus proceeding that a trial court's ruling on a Family Code Section 152.207 inconvenient-forum motion is not subject to interlocutory appeal).

On December 14, 2022, we informed T.C. of our concern that we did not have jurisdiction over his appeal because the Order did not appear to be a final judgment or an appealable interlocutory order. We stated that, unless he or another party desiring to continue the appeal filed a response showing grounds for continuing the appeal, it may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. In response, T.C. conceded that the Order "is probably not considered a final order." Instead, he argued that it is an appealable interlocutory order because "there are alternative legal provisions that may confer jurisdiction" in this case: Family Code Sections 155.204 and 155.005.

We agree with T.C. that the Order here is not final. It bears no markings of a final judgment: it does not seek to dispose of the parties or claims, and the denial of "all other relief requested" cannot serve as an indication of finality. *See Nash*, 63 S.W.3d at 416. Instead, the Order merely stays the proceedings and directs T.C. to file suit in Florida so that a court there can determine how or if to proceed with the case. *See* Tex. Fam. Code Ann. § 152.207(c).

Neither is the Order an appealable interlocutory order. T.C. suggests that Family Code Sections 155.204 and 155.005 allow for interlocutory appeal here, but he is mistaken. Section 155.204 pertains to mandatory transfers of SAPCR cases under

circumstances not relevant here. *See Id.* §§ 155.201, .204. Most importantly, though, Subsection 155.204(h) explicitly states that such transfer orders are "not subject to interlocutory appeal." *Id.* § 155.204(h). Section 155.005 is also unhelpful to T.C.'s cause because it merely provides that "[d]uring the transfer of a suit from a court with continuing, exclusive jurisdiction, the transferring court retains jurisdiction to render temporary orders." *Id.* § 155.005(a). This Section is silent as to interlocutory appeals.

The Order being neither a final judgment nor an appealable interlocutory order, we dismiss the attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: July 27, 2023

6