**Opinion issued June 25, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00973-CV

————————————

**FRED COX, SR., Appellant**

**V.**

**ALLEN SAMUELS CHEVROLET, ALLEN SAMUELS, AND SANTANDER CONSUMER USA INC., Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-82605**

---

## MEMORANDUM OPINION

Appellant Fred Cox, Sr., filed this lawsuit against appellees, Allen Samuels Chevrolet, Allen Samuels (collectively the Samuels parties), and Santander Consumer USA Inc., arising out of an automobile sale and financing that occurred in 2013. The Samuels parties moved for summary judgment on res judicata grounds,

and the trial court granted summary judgment in favor of both the Samuels parties and Santander, dismissing Cox's claims. In ten issues on appeal, Cox now argues that the trial court erred in granting summary judgment based on various evidentiary and procedural complaints.

Because we conclude that the trial court erred in granting summary judgment on res judicata grounds, we reverse and remand.

### Background

Cox's claims in this case arise out of his dealings with the Samuels parties and Santander regarding the purchase and financing of a 2010 Chevrolet Malibu (the vehicle) that had occurred in December 2013. Cox first attempted to bring his lawsuit in federal district court. On November 4, 2015, Cox filed a complaint in the Southern District of Texas against the Samuels parties[1] asserting, among other causes of action, that the Samuels parties engaged in deceptive trade practices, fraud, theft, and forgery in connection with the sale and financing of the vehicle (case number H-15-3297). Less than two weeks later, on November 12, 2015, the federal district judge in that case dismissed Cox's claims "with prejudice."[2] In his "Opinion on

---

[1]    Cox did not identify Santander as a defendant in case number H-15-3297, but he did refer to it in the portion of his complaint setting out the alleged facts, stating that he purchased the vehicle "from defendants Allen Samuels Chevrolet (hereinafter 'Car Dealer'), of Texas, Inc., and Santander Consumer USA an automobile Financing Institution[.]"

[2]    Case number H-15-3297 was before the Honorable Lynn N. Hughes.

2

Dismissal" signed at the same time as the dismissal order, the district court judge found that the court did not have jurisdiction over Cox's claims, stating in relevant part:

> This court does not have jurisdiction over Cox's claims. The failure to sell an advertised car, the theft of five hundred dollars, and loaning a defective car are not claims described by federal law. Fred Cox and Allen Samuels Chevrolet are both citizens of Texas, and the value of a 2010 Chevrolet Malibu is less than $20,000. Thus, this court does not have party jurisdiction because the parties are not diverse and the value of Cox's claims does not come close to $75,000.
>
> Cox did not do business with anyone other than Allen Samuels Chevrolet. Thus, he does not describe a transaction with Allen Samuels Chevrolet's parent companies, investors, or employers that the law recognizes.
>
> Cox further complains that Santander Consumer USA participated in giving him a loan but fails to add them as a defendant.
>
> Cox's complaint will be dismissed with prejudice.

Cox then filed a second suit in the Southern District of Texas against the Samuels parties, this time adding Santander as a defendant (case number 4-16-cv-02011).[3] He alleged nearly identical causes of action related to the same transaction and vehicle involved in the prior suit. The Samuels parties assert that the judge in that case dismissed Cox's claims on res judicata grounds, but the electronic docket entry filed with the record in this appeal states only, "The Court makes the following oral ruling: This case is dismissed. The Court's findings, as stated on the record."

---

[3] This case was before the Honorable Vanessa Gilmore.

3

On November 30, 2016, Cox filed the underlying suit against the Samuels parties and Santander. Again, his allegations were substantively similar to those alleged in the two prior federal district court suits. He asserted, among other causes of action, that the Samuels parties and Santander had engaged in deceptive trade practices, fraud, theft, and forgery in the course of selling and financing the vehicle.

Both the Samuels parties and Santander answered with general denials and pled the affirmative defense of res judicata. The Samuels parties then moved for summary judgment, asserting that the doctrine of res judicata barred all of Cox's claims in the present suit. The Samuels parties asserted that the order dismissing Cox's suit in case number H-15-3297 was a judgment on the merits by a court of competent jurisdiction, that the same parties and underlying facts were involved in both of the prior suits and the instant suit, and that all of Cox's claims in the present suit were or could have been brought in the previous suit. As summary judgment evidence, they attached certified copies of the pleadings from the two previous suits that Cox had filed in the Southern District of Texas based on the same transaction, the final order and Opinion on Dismissal in case number H-15-3297, and the electronic docket entry showing the oral dismissal ruling in case number 4-16-cv-02011.

Santander did not join the Samuels parties' summary judgment motion or otherwise file its own motion for summary judgment.

4

Cox responded to the Samuels parties' motion for summary judgment, arguing that the dismissal in case number H-15-3297 was "based upon, and only because as [the judge] stated, that plaintiff 'Cox's claims does not come close to $75,000.'" He also asserted that the dismissal in the second suit, cause number 4-16-cv-02011, was made on the grounds that Cox "must [maintain] his civil action in State District Civil Court, that he should address his claims to Texas Laws and Texas Rules of Civil Procedure; and that his Law Suit 'was not being dismissed but referred back to State Civil District Court for its proper Forum.'"

The trial court granted summary judgment in favor of the Samuels parties and Santander, dismissing all of Cox's claims against them.

**Summary Judgment**

Cox complains in part that the trial court erred in granting summary judgment in favor of the Samuels parties and Santander.

**A.     Standard of Review**

We review a trial court's ruling on a summary judgment motion de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Richardson*, 539 S.W.3d at 258–59. A defendant may be entitled to traditional summary judgment if it pleads and

5

conclusively establishes each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *See Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam), and *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)).

Summary judgments "must stand or fall on their own merits." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511–12 (Tex. 2014) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)). And, "[a] trial court can only grant summary on the grounds addressed in the motion for summary judgment." *Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 818 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (also holding, "A trial court that renders judgment based upon a motion errs in granting more relief than the motion requests"). Likewise, "[a] trial court cannot grant summary judgment in favor of parties who have not moved for summary judgment." *Sw. Invs. Diversified, Inc. v. Estate of Mieszhuc*, 171 S.W.3d 461, 468 n.15 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Teer v. Duddleston*, 664 S.W.2d 702, 703 (Tex. 1984) (holding that trial court erred in adjudicating rights of party who did not move for summary judgment); *Willy v. Winkler*, No. 01-10-00115-CV, 2010 WL 5187719, at *2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.) (holding same). Only if the movant establishes its entitlement to summary

judgment does the burden then shift to the nonmovant to raise a genuine issue of material fact. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam); *see also Amedisys, Inc.*, 437 S.W.3d at 511 ("[I]f the movant does not satisfy its initial burden, the burden does not shift and the non-movant need not respond or present any evidence.").

We review the evidence presented in the motion and response in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

**B.    Law of Res Judicata**

Res judicata is an affirmative defense that bars the relitigation of certain claims or cases between parties that have already been decided. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 267 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). The burden is on the party asserting this defense to plead and prove the defense's elements. *See Eagle Oil & Gas Co.*, 549 S.W.3d at 266; *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 137 (Tex. App.—El Paso 1997, pet. denied).

7

To successfully assert the affirmative defense of res judicata, a party must prove: (1) a final prior judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862; *Eagle Oil & Gas Co.*, 549 S.W.3d at 266. Typically, a "[d]ismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided," and, thus, an order dismissing a case with prejudice has full res judicata and collateral estoppel effect and bars the subsequent relitigation of the same causes of action or issues between the same parties. *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex.1999) (per curiam), and *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992)).

However, "dismissing a claim based on lack of subject-matter jurisdiction does not operate as res judicata." *Garrett v. Williams*, 250 S.W.3d 154, 160 (Tex. App.—Fort Worth 2008, no pet.); *see Harrison v. Gemdrill Int'l, Inc.*, 981 S.W.2d 714, 718 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (holding that claim is not barred by res judicata unless court rendering judgment in initial suit properly maintained subject-matter jurisdiction over claim); *see also Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect.").

8

## C.	Analysis

The Samuels parties moved for summary judgment solely on res judicata grounds. Thus, they bore the burden of proving their entitlement to summary judgment on the affirmative defense of res judicata as a matter of law. *See Eagle Oil & Gas Co.*, 549 S.W.3d at 266; *City of Richardson*, 539 S.W.3d at 258–59. The first element of the res judicata defense requires the existence of a final prior judgment on the merits by a court of competent jurisdiction. *See Joachim*, 315 S.W.3d at 862.

The Samuels parties assert that the order of the Southern District of Texas in case number H-15-3297 was a dismissal with prejudice sufficient to constitute a final judgment on the merits by a court of competent jurisdiction. They point particularly to the fact that the district court judge dismissed Cox's claim "with prejudice."

Despite the language discussing the nature of Cox's claims and stating that the case was dismissed with prejudice, the Opinion on Dismissal signed by the federal district judge in that case indicated that Cox's claim was ultimately dismissed because that court did not have jurisdiction over his claim. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (holding that, unlike state courts, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). The Opinion on Dismissal expressly stated, "This court does not have jurisdiction over Cox's claims." The Opinion further concluded

9

that Cox did not allege any claims "described by federal law," and his pleadings did not establish "party jurisdiction because the parties are not diverse and the value of Cox's claims does not come close to $75,000." *See* 28 U.S.C. §§ 1331–32 (providing federal district courts have authority to hear two types of cases: (1) cases in which plaintiff alleges cognizable violation of his rights under U.S. Constitution or federal law; and (2) cases in which citizen of one state alleges state law claim against citizen of another state when amount in controversy exceeds $75,000).

Therefore, despite some contradictory language, the Opinion on Dismissal stated that the dismissal was on jurisdictional grounds, undermining the Samuels parties' assertion that the dismissal order in case H-15-3297 was a judgment on the merits. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("Unlike the typical dismissal under Rule 12(b)(6) [for failure to state a claim upon which relief can be granted], for instance, which 'operates as an adjudication on the merits,' a dismissal for lack of jurisdiction under Rule 12(b)(1) [for lack of subject-matter jurisdiction], for instance, does not. Therefore, the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice

10

in every instance."). An order that dismisses a lawsuit for want of jurisdiction is not res judicata of the merits and does not bar a plaintiff from bring the same cause again once the impediment to jurisdiction has been removed. *See, e.g.*, *Garrett*, 250 S.W.3d at 160; *Ab–Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.); *Harrison*, 981 S.W.2d at 718.

As the summary judgment movants, the Samuels parties bore the burden of conclusively proving that the prior judgment in case H-15-3297 was a judgment on the merits. *See Eagle Oil & Gas Co.*, 549 S.W.3d at 266; *City of Richardson*, 539 S.W.3d at 258–59. They failed to do so here, so they did not satisfy the first element of their res judicata affirmative defense. *See Joachim*, 315 S.W.3d at 862; *Eagle Oil & Gas Co.*, 549 S.W.3d at 266.

The Samuels parties also argue on appeal that Cox inadequately briefed this issue, thereby waiving his complaint. We disagree. As the Samuels parties point out, pro se litigants like Cox are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See, e.g.*, *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (recognizing "that pro se litigants are not exempt from the rules of procedure"); *see also* TEX. R. APP. P. 38.1(i) (requiring that appellant's brief "must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). But in all cases, we are to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the

right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). The Rules of Appellate Procedure themselves expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Here, Cox's brief substantially complied with the rules by raising a complaint regarding the trial court's grant of summary judgment. *See id.* We review such motions de novo, and we note that summary judgments "must stand or fall on their own merits." *See City of Richardson*, 539 S.W.3d at 258; *Amedisys, Inc.*, 437 S.W.3d at 511–12.

We conclude that the trial court erred in granting summary judgment in favor of the Samuels parties.

Regarding the other party to this appeal, Santander, we observe that it never joined the motion for summary judgment filed by the Samuels parties, nor did it file its own motion for summary judgment, and, therefore, the trial court's grant of summary judgment in favor of Santander was erroneous.[4] *See Teer*, 664 S.W.2d at 703 (holding that trial court erred in adjudicating rights of party who did not move for summary judgment); *Sw. Invs. Diversified, Inc.*, 171 S.W.3d at 468 n.15 ("[A]

---

[4] We note that the trial court's erroneous ruling granting more relief than requested is nevertheless a final and appealable judgment. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) ("When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable.").

trial court cannot grant summary judgment in favor of parties who have not moved for summary judgment."). Santander also argued on appeal that the trial court had broad discretion to dismiss the suit as frivolous or malicious. However, no such request for relief had been made to the trial court at the time it rendered its judgment, and, therefore, it could not serve as a basis for granting summary judgment in favor of Santander. *See Speck*, 235 S.W.3d at 818 ("A trial court can only grant summary judgment on the grounds addressed in the motion for summary judgment.").

We sustain Cox's complaint on appeal that the trial court erred in granting summary judgment. Having determined that Cox is entitled to reversal of the trial court's judgment, we need not address the remainder of his complaints on appeal because they would not result in greater relief. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. Any pending motion is dismissed as moot.

Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

13